# MEMPHIS GAS LIGHT COMPANY *v.* TAXING DISTRICT OF SHELBY COUNTY.

IN ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

Submitted November 15th, 1883.—Decided November 26th, 1883.

*Constitutional Law—Contract—Taxation.*

1. The legislative grant of a privilege to erect, establish and construct gas works, and make and vend gas in a municipality for a term of years, does not exempt the grantees from the imposition of a license tax for the use of the privilege conferred.
2. In order to establish a legislative contract to exempt from taxation, the statute must be explicit and unmistakable, and without doubtful words.
3. The Constitution of the United States does not profess in all cases to protect against unjust or oppressive taxation.

The facts and the contentions of the parties are stated in the opinion of the court.

*Mr. Henry Craft, Mr. Geo. Gaunt* and *Mr. Josiah Patterson* for plaintiffs in error.

*Mr. J. B. Heiskell* and *Mr. C. W. Heiskell* for the defendants in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Supreme Court of Tennessee.

The question presented is whether the statute of the State under which the defendant assessed a license tax of $250 against plaintiff in error is void, because it violates the contract found in the charter of the company.

This charter was enacted November 20th, 1851, and, after giving the name of the new corporation and the names of the incorporators, it refers for the rights, privileges, powers, and restrictions of the company to the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth sections of an act incorporating the Nashville Gas Light Company, passed November 21st, 1849, and declares that those sections, not inconsistent with the first section of this act, shall apply to the Memphis Gas Light Company as fully and completely as though the same were fully set forth and incorporated.

For any contract of exemption from taxation we must, therefore, look to the provisions of those sections in the charter of the Nashville company.

These sections contain the usual powers necessary for the successful conduct of the business of the company, its organization, its shares of stock, mode of payment, laying pipes in the street and the like, and after a careful examination of them we are unable to see anything whatever which expresses a contract for any limitation of the power of the legislature to tax the company or its property.

Such was the opinion of the Supreme Court of Tennessee, delivered on rendering the judgment to which this writ of error is taken.

And though this court is bound for itself to inquire in every such case as this whether there existed a contract which might be impaired, on which subject the court has very recently, at the present term, collated the authorities in the case of *Louisville and Nashville R. R. Co.* v. *Palmes, ante,* we are unable

to discover any reason for dissenting from the opinion of the Supreme Court of Tennessee on that point.

The section of the charter on which plaintiff's counsel mainly rely as showing a contract is the fifth section, which reads as follows :

" SEC. 5. The said company shall have the privilege of erecting, establishing and constructing gas works, and manufacturing and vending gas in the city of Nashville, by means of public works, for a term of fifty years from and after the date of this act. A reasonable price per thousand feet for gas shall be charged in the case of private individuals, to be regulated by the prices in other southwestern cities ; and for public lights, such sum as may be agreed upon by the company and the public authorities of Nashville : *Provided*, Said company shall never charge more than one cent for every cubic foot of gas used, as may be indicated by the gas meter, or computed by the ordinary rules in such cases ; nor shall they ever charge the corporation of the city of Nashville more per cubic foot than they shall be getting at the same time from the majority of the inhabitants of the city using such gas."

The argument of counsel is that if no express contract against taxation can be found here it must be implied, because to permit the State to tax this company by a license tax for the privilege granted by its charter is to destroy that privilege.

But the answer is that the company took their charter subject to the same right of taxation in the State that applies to all other privileges and to all other property. If they wished or intended to have an exemption of any kind from taxation, or felt that it was necessary to the profitable working of their business, they should have required a provision to that effect in their charter.

The Constitution of the United States does not profess in all cases to protect property from unjust or oppressive taxation by the States. That is left to the State constitutions and State laws.

In the case of the *Erie Railroad Co.* v. *Pennsylvania*, 21 Wall. 492, it was said :

" This court has in the most emphatic terms and on every occa-

sion declared that the language in which the surrender (of the right of taxation) is made must be clear and unmistakable. The covenant or enactment must distinctly express that there shall be no other or further taxation. A State cannot strip herself of this most essential power by doubtful words. It cannot by ambiguous language be deprived of this highest attribute of sovereignty. The principle has been distinctly laid down in each of the cases referred to. It has never been departed from."

See also *Providence Bank* v. *Billings*, 4 Pet. 514; *Herrick* v. *Randolph*, 13 Wall. 531; *North Missouri R. R. Co.* v. *Maguire*, 20 Wall. 40; *Delaware R. R. Tax*, 18 Wall. 206.

There is in this case no language which attempts to exempt plaintiff from taxation, nor is there even the most remote implication of such exemption.

*The judgment of the Supreme Court of Tennessee is affirmed.*