# NEW ORLEANS CITY AND LAKE RAILROAD COMPANY *v.* NEW ORLEANS.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 119. Argued December 4, 7, 1891. — Decided February 29, 1892.

An ordinance of a city, imposing, pursuant to a statute of the State, a license tax, for the business of running any horse or steam railroad for the transportation of passengers, does not impair the obligation of a contract, made before the passage of the statute, by which the city sold to a railroad company for a large price the right of way and franchise for twenty-five years to run a railroad over certain streets and according to certain regulations, and the company agreed to pay to the city annually a real estate tax, and the city bound itself not to grant, during the same period, a right of way to any other railroad company over the same streets.

THIS was a summary proceeding by the city of New Orleans against the New Orleans City and Lake Railroad Company, in a civil district court of the parish of Orleans, to collect a license tax of $2500 for the year 1887, imposed by an ordinance of the city, pursuant to the statute of Louisiana of 1886, c. 101, § 8, which provided "that for the business of carrying on, operating or running any horse or steam railroad, or both, for the transportation of passengers within the limits of any city or town in this State, the annual license shall be based on the annual gross receipts, as follows: viz.: First class — When the said annual gross receipts are five hundred thousand dollars, or in excess of that amount, the license shall be twenty-five hundred dollars." Acts of Louisiana of 1886, pp. 165, 175.

The defendant admitted that its annual gross receipts were more than $500,000; but contended that the statute and ordi-

nance, so far as they affected the defendant, were unconstitutional and void, as impairing the obligation of the following contracts:

On October 2, 1879, the city of New Orleans sold to the New Orleans City Railroad Company, for the price of $630,-000, the right of way and franchises for running certain lines of street railroad for carrying passengers within the city until January 1, 1906, "to have and to hold the said right of way and franchises of the said railroad lines unto the said New Orleans City Railroad Company, its successors and assigns, transferees and vendees, for the full term and period hereinabove fixed;" and the company agreed to construct its railroad, to keep the streets in repair, and to comply with regulations as to the style and running of cars, the motive power, and the rates of fare, as therein provided, and to "annually pay into the city treasury, upon the assessed value of said road and fixtures, the annual tax levied upon real estate, the value of said road and fixtures to be assessed by the usual mode of assessment;" and the city bound itself "not to grant, during the period for which said franchises are sold, a right of way to any other railroad company upon the streets through which said right of way is hereby sold, unless by mutual agreement between the city and the purchaser or purchasers of these franchises."

On June 9, 1883, the liquidating commissioners of the New Orleans City Railroad Company, whose charter had expired, sold and transferred all that company's real and personal property, movable and immovable, right of way and franchises for the privilege of running street cars, to the defendant, by a contract by which, among other things, "said New Orleans City Railroad Company, having, according to law, paid its state and city licenses for 1883, amounting to twenty-five hundred dollars each, hereby transfers the unexpired term thereof, extending to December 31, 1883, to the present purchaser, the New Orleans City and Lake Railroad Company."

Judgment was given in favor of the city, and was affirmed on appeal by the Supreme Court of Louisiana. 40 La. Ann. 587. The defendant sued out this writ of error.

*Mr. Charles F. Buck* for plaintiff in error.

*Gordon* v. *Appeal Tax Court,* 3 How. 133, is so nearly parallel to the case at bar, that the difference between them is but nominal. In that case the question arose whether a banking franchise, having been obtained for valuable consideration, was subject to ordinary taxation. In this case it is attempted to impose a license tax — a license for revenue. We respectfully submit that, under the decision in that case the attempt in this involves an impairment of the obligation of the contract.

The city demands an increase in addition to the large price paid for our franchise, under penalty of stopping the plaintiff in error from exercising that franchise so conveyed to it. That this cannot be done, this court decided in that case. The point clearly and distinctly arose there, whether a franchise, for which a price was paid, could be taxed without impairing the obligation of the contract. The court answered the question in the negative.

In that case, as in this, the clamor was made, the franchise being property, why should it not be taxed like all property? This illusive theory was met by a practical and direct answer.

How much stronger than that case are the conditions of the one now under consideration. We are asked to pay a license annually, for doing that which we bought in express terms the right to do: " running cars and carrying passengers," etc., for hire, on tracks laid in the public streets; and we are asked to pay the license or be perpetually enjoined from exercising or using the privilege for which we paid, in cash, and in advance, for twenty-five years, the enormous sum of six hundred and thirty thousand dollars. This court will forbid the wrong, in the name of the Constitution of the United States, as it has consistently done whenever appealed to in a proper case.

*Mr. W. B. Sommerville* for defendant in error.

MR. JUSTICE GRAY, after stating the facts as above, delivered the opinion of the court.

Exemption from taxation is never to be presumed. The legislature itself cannot be held to have intended to surrender the taxing power, unless its intention to do so has been declared in clear and unmistakable words. *Vicksburg &c. Railroad* v. *Dennis,* 116 U. S. 665, 668, and cases cited. Assuming, without deciding, that the city of New Orleans was authorized to exempt the New Orleans City Railroad Company from taxation under general laws of the State, the contract between them affords no evidence of an intention to do so. The franchise to build and run a street railway was as much subject to taxation as any other property.

In *Gordon* v. *Appeal Tax Court,* 3 How. 133, upon which the plaintiff in error much relied, the only point decided was that an act of the legislature, continuing the charter of a bank, upon condition that the corporation should pay certain sums annually for public purposes, and declaring that, upon its accepting and complying with the provisions of the act, the faith of the State was pledged not to impose any further tax or burden upon the corporation during the continuance of the charter, exempted the stockholders from taxation on their stock; and so much of the opinion as might, taken by itself, seem to support this writ of error, has been often explained or disapproved. *State Bank* v. *Knoop,* 16 How. 369, 386, 401, 402; *People* v. *Commissioners,* 4 Wall. 244, 259; *Jefferson Bank* v. *Skelly,* 1 Black, 436, 446; *Farrington* v. *Tennessee,* 95 U. S. 679, 690, 694; *Stone* v. *Farmers' Loan & Trust Co.,* 116 U. S. 307, 328.

The case at bar cannot be distinguished from that of *Memphis Gaslight Co.* v. *Shelby County,* in which this court upheld a license tax upon a corporation which had acquired by its charter the privilege of erecting gas works and making and selling gas for fifty years; and, speaking by Mr. Justice Miller, said: "The argument of counsel is that if no express contract against taxation can be found here, it must be implied, because to permit the State to tax this company by a license tax for the privilege granted by its charter is to destroy that privilege. But the answer is that the company took their charter subject to the same right of taxation in the

State that applies to all other privileges and to all other property. If they wished or intended to have an exemption of any kind from taxation, or felt that it was necessary to the profitable working of their business, they should have required a provision to that effect in their charter. The Constitution of the United States does not profess in all cases to protect property from unjust and oppressive taxation by the States. That is left to the state constitutions and state laws." 109 U. S. 398, 400:

The New Orleans City Railroad Company having had no right of exemption from the tax in question, it is unnecessary to consider whether such a right, had it existed, would have passed by the conveyance to the plaintiff in error. See *Chesapeake & Ohio Railway* v. *Miller*, 114 U. S. 176, 184, and cases cited; *Picard* v. *East Tennessee &c. Railroad*, 130 U. S. 637.

*Judgment affirmed.*