MEMPHIS *v.* U. & P. BANK. SAME *v.* HERNANDO IN-
SURANCE CO. SAME *v.* BLUFF CITY INSURANCE CO.

(*Jackson.* June 7, 1892.)

1. TAXATION. *Exemption clause in charter construed.*

Under charter granted prior to Constitution of 1870 to a bank or insur-
ance company containing a provision "that said company shall pay
to the State an annual tax of one-half of one per cent. on each share
of stock subscribed, which shall be in lieu of all other taxes," both
the capital stock of the corporation and the shares of stock in the
hands of the stockholders are exempt from all other taxes, whether
*ad valorem* or privilege, imposed by State, county, or municipality.
This decision rests alone upon the authority of Farrington *v.* Tennes-
see, 95 U. S., 679, so far as it is held that both capital stock and
shares of stock are exempt under said provision. Except for the
controlling authority of said case, this Court would determine other-
wise.

Acts construed: Acts 1857–58, Ch. 166; Acts 1869–70, Ch. 93.

Cases cited and followed: Farrington *v.* Tennessee, 95 U. S., 679; Bank
*v.* Tennessee, 104 U. S., 493.

Cited and approved or distinguished: Memphis *v.* Farrington, 8 Bax.,
539; Bank *v.* McGowan, 6 Lea, 705; State *v.* Butler, 13 Lea, 406;
State *v.* Butler, 86 Tenn., 633; Memphis *v.* Hernando Insurance Co.,
6 Bax., 527; Bank *v.* Memphis, 6 Bax., 415; Bank *v.* State, 9 Yer.,
490; Nashville *v.* Thomas, 5 Cold., 600; 143 U. S., 195; 117 U. S.,
136; 22 Fed. R., 80.

2. SAME. *Charter exemption from taxation, valid.*

Doctrine re-affirmed that a charter exemption from taxation, granted
and accepted prior to Constitution of 1870, constitutes an inviolable
contract binding upon the State, which cannot be impaired by sub-
sequent legislation.

Constitution construed: Art. I., Sec. 20.

Cases cited and approved: Memphis *v.* Farrington, 8 Bax., 541; State
*v.* Butler, 13 Lea, 408; Bank *v.* State, 9 Yer., 490; 4 Wheat., 519;
95 U. S., 684.

3. SAME. *Of capital stock and shares of stock not double taxation.*

Doctrine re-affirmed that the capital stock of the corporation and its shares of stock in the hands of its stockholders are separate and distinct property interests, and separate and distinct subjects of taxation; and that the taxation of both is not double taxation, nor the exemption of one necessarily an exemption of the other.

Cases cited and approved: Street Railroad Co. *v.* Morrow, 87 Tenn., 406; Bank *v.* State, 9 Yer., 490; Memphis *v.* Ensley, 6 Bax., 553; Gas-light Co. *v.* Nashville, 8 Lea, 406; 119 U. S., 277; 117 U. S., 135; 95 U. S., 687.

4. SAME. *Rule as to construction of exemption clauses.*

Doctrine re-affirmed that exemptions from taxation are never allowed by the Courts except upon "the clearest grant of organic or statute law," or unless "manifested by words too plain to be mistaken," or declared in "clear and unmistakable" language, or "be shown indubitably to exist." The existence of such exemption must be free from any reasonable doubt.

Cases cited and approved: Wilson *v.* Gaines, 9 Bax., 551; Railroad *v.* Gaines, 3 Tenn. Ch., 604; 16 How., 435; 18 Wall., 226; 21 Wall., 498; 95 U. S., 686; 117 U. S., 136; 109 U. S., 398; 143 U. S., 195.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. J. S. GALLOWAY, Probate Judge, sitting by interchange.

F. T. EDMONDSON and METCALF & WALKER for Memphis.

CRAFT & CRAFT for U. & P. Bank.

MORGAN & McFARLAND for Insurance Companies.

CALDWELL, J. This is a bill by the State of Tennessee, on behalf of the city of Memphis, to recover from the Union and Planters' Bank $48,576.25 as *ad valorem* taxes on its capital stock for the years 1887 to 1891, inclusive; or, in the alternative, to recover from the stockholders of the bank the same amount as taxes on the shares of stock held by them respectively during those years. Demurrer was sustained, and the bill dismissed. Complainant has appealed.

Defendants claim complete immunity from these taxes, by reason of a certain provision in the bank's charter from the State. That provision is as follows: "That said company shall pay to the State an annual tax of one-half of one per cent; on each share of stock subscribed, which shall be in lieu of all other taxes." Acts 1857–58, Ch. 166, Secs. 10 and 12; Acts 1869, Ch. —.

With respect to this provision, the primary claim of the bill, and of complainant's counsel at the bar, is, that the charter tax of one-half of one per cent. was laid on *shares of stock*, and that the words, "which shall be in lieu of all other taxes," relate alone to *shares of stock;* that those words were used for the sole purpose of expressing the legislative intent to exempt the *shares of stock* from further taxation, and *not* with a view of granting any exemption to the *capital stock* of the corporation.

In the alternative, the *shares of stock* are alleged to be liable to taxation if *capital stock* should be held to be exempt under the charter.

The bill concedes the exemption of the one or the other, but denies that both are exempt.

Demurrants assert that, by a proper construction of the charter, both *shares of stock* and *capital stock* are exempt absolutely from all taxation, except the one-half of one per cent. expressly prescribed.

The charter was granted under the Constitution of 1834, when it was within the power of the Legislature to grant such exemption as it deemed best (Const. 1834, Art. XI., Sec. 7); hence, the exact measure of immunity conferred in this instance, and that to which defendants are entitled, is to be ascertained from the language employed. All that was given must be held to be lawful.

The charter is a contract, by which the State is bound, and whose obligation may not be impaired by subsequent legislation. Const. United States, Art. I., Sec. 10; *Dartmouth College* v. *Woodward*, 4 Wheaton, 519; 95 U. S., 684; 8 Bax., 541; Tennessee Const., Art. I., Sec. 20; 13 Lea, 408; 2 Pickle, 614; 9 Yer., 490.

*Shares of stock* and *capital stock* are separate and distinct property interests, and form separate and distinct subjects of taxation. The assessment or exemption of the one is not an assessment or exemption of the other. Assessment of both is not double taxation. *New Orleans* v. *Houston*,

119 U. S., 277; 117 U. S., 135; 95 U. S., 687; Cooley on Taxation, 231; *Union Bank* v. *The State,* 9 Yer., 490; *Street Railroad Co.* v. *Morrow,* 3 Pickle, 406; *City of Memphis* v. *Ensley,* 6 Bax., 553; *Nashville Gas-light Co.* v. *City of Nashville,* 8 Lea, 406.

The right of taxation is inherent in the State. It is a prerogative essential to the perpetuity of the government; and he who claims an exemption from the common burden, must justify his claim by the clearest grant of organic or statute law.

In *Ohio Ins. Co.* v. *Debolt,* 16 Howard, 435, it is said by Chief Justice Taney, that the right of taxation will not be held to have been surrendered, "unless the intention to surrender is manifested by words too plain to be mistaken."

Brief extracts from other cases illustrate the importance and strictness of the rule:

"If a doubt arise as to the intent of the Legislature, that doubt must be solved in favor of the State." *The Delaware Railroad Tax,* 18 Wallace, 226.

"The Court has, however, in the most emphatic terms, and on every occasion, declared that the language in which the surrender is made must be clear and unmistakable." *Erie Railway Co.* v. *Penn.,* 21 Wallace, 498, 499.

"When exemption is claimed, it must be shown indubitably to exist." 95 U. S., 686.

The presumption is always "against any surrender of the taxing power." 117 U. S., 136.

See, to same effect, 9 Bax., 551; *M. & C. R.*

*R. Co.* v. *Gains*, MS., Nashville, March, 1878; 13 Lea, 406; 109 U. S., 398; 143 U. S., 195.

In view of the foregoing rule, we would have no hesitation, if the question were *res integra,* in holding that the provision of this charter *does not* exempt *capital stock* AND also *shares of stock* from other taxation than that named; for, to our minds, the words of the grant do. not indubitably manifest an intention to exempt both from further taxation.

Proceeding upon the idea that those words related to capital stock, and exempted it from all assessments, except the charter tax, this Court, in 1873, held that so much of a lot and building—purchased with its capital stock—as was necessarily used by the bank "for the convenient carrying on of its business," was exempt from further taxation, and that other portions of the lot and building, not so used, were subject to be assessed as other property. *DeSoto Bank* v. *Memphis,* 6 Bax., 415.

In another case the same charter provision was invoked by the stockholders, who asserted that it protected them against an *ad valorem* tax which had been laid on their shares of stock. The Chancellor held that the stockholders were so protected; but, on appeal, his decree was reversed, this Court holding that the charter tax and exemption related alone to the capital stock, and left shares of stock subject to taxation against the stockholders. *City of Memphis* v. *Farrington,* 8 Bax., 539.

The stockholders took the case into the Su-

preme Court of the United States, and there obtained a reversal of the decree of this Court and an affirmance of the decree of the Chancellor. *Farrington* v. *Tennessee*, 95 U. S., 679.

In the argument at the bar in the present case, counsel on both sides place great reliance on the opinion delivered in that case by the Supreme Court of the United States. On the one hand, it is contended that its language sustains the primary claim of the bill in this case, by limiting the charter tax and exemption to shares of stock alone; and, on the other hand, it is insisted that it justifies the demurrer, by holding both shares of stock and capital stock exempt from other taxation than that prescribed by the charter.

It is sufficient for us to say, at this point, that the only question for decision in that case was the effect of the particular words of the charter upon the rights of the stockholders. Shares of stock alone had been taxed, and stockholders alone were making the contest. The corporation was not before the Court.

Mr. Justice Matthews, while on the circuit, in referring to that case, said: "It was held that the words, 'in lieu of all other taxes,' as thus used, meant in lieu of all other taxes that might be imposed on that subject of taxation—viz., the shares of the capital stock—and that, accordingly, it excluded a tax on those shares assessed upon them against the individual share-holder as his property." *State of Tennessee* v. *Whitworth*, 22 Fed. Rep., 80.

When the latter case reached the Supreme Court of the United States, Chief Justice Waite, in delivering the opinion, said of the Farrington case that the question therein raised was whether the provision of the charter "exempted the shares in the hands of the stockholders from any further taxation by the State," and that "the Court, three Justices dissenting, held that it did, because, as the charter tax was laid on each share subscribed, the further exemption must necessarily have been of the shares in the hands of the holders, although the tax as imposed was payable by the corporation." *Tennessee* v. *Whitworth*, 117 U. S., 136.

Since the decision of the Farrington case by the Supreme Court of the United States, this Court has uniformly adhered to its previous holding, that no *ad valorem* tax can lawfully be laid on the *capital stock*, and, in recognition of that decision, has gone further, and SAID that *shares of stock* are likewise exempt from other taxation than that prescribed in the charter. *Bank of Commerce* v. *McGowan*, 6 Lea, 705; *The State* v. *Butler*, 13 Lea, 406; *The State* v. *Butler*, 2 Pickle, 633.

After citing, with approbation, the case of *De-Soto Bank* v. *City of Memphis*, 6 Bax., 415, and acknowledging the controlling authority of *Farrington* v. *Tennessee*, 95 U. S., 676, this Court, in its first reference to the latter case, said: "The provision in question will, therefore, protect the capital stock and the shares of the stockholders

from any taxation beyond that prescribed in the charter." *Bank of Commerce* v. *McGowan,* 6 Lea, 705.

In the last named case the Bank of Commerce, whose charter was like that now under consideration, owned a building with three stories, but used only one story in its banking business. It also owned three other parcels of real estate, purchased in satisfaction of debts due to the bank. The building and other three pieces of property were assessed for taxes. The bank paid the assessments under protest, and filed its bill to recover the money. The case came to this Court on demurrer; and it was here held that so much of the building as was used by complainant for banking purposes was exempt from taxation, but that the residue of the building and the other three lots were subject to assessment like other property of the same kind. The bank, by writ of error, transferred the case to the Supreme Court of the United States, and there claimed, as it had done in the State Courts, that the entire property was exempt from taxation under its charter. The decree of this Court was affirmed. *Bank* v. *Tennessee,* 104 U. S., 493.

It is technically true, as contended for complainant, that the writ of error in the last case took up only so much of the controversy as this Court had decided against the bank, and that therefore the Supreme Court of the United States cannot properly be said to have *decided* that even

a part of the bank's building was exempt under its charter. Nevertheless, the reasoning of the Court shows that such was its opinion. Indeed, that decision, as well as the decision of this Court, was based upon the idea (1) that the capital stock of the bank was exempt from all taxation except that prescribed in the charter; and (2) that, such being the case, a building in which part of its capital has been invested must be exempt so far as used by the bank for its legitimate corporate purposes, but no further.

Considering the decisions of the Supreme Court of the United States in *Farrington* v. *Tennessee*, 95 U. S., 679, and in *Bank* v. *Tennessee*, 104 U. S., 493, together, and giving them the controlling weight to which they are entitled, it cannot be held otherwise than that the charter tax of one-half of one per cent. is in lieu of all other taxes, whether against the bank on its *capital stock* or against owners on *shares of stock*. Under the construction there given, the charter exemption in-cludes both.

As an original question, we would hold as held by this Court in *Memphis* v. *Farrington*, 8 Bax., 539, and charge the stockholders with an *ad valorem* tax; but, upon authority, we hold as stated above.

This Court has never *decided*, and, in the absence of the ruling of the Supreme Court of the United States in *Farrington* v. *Tennessee*, 95 U. S., 679, would not now decide that the charter gives the owners of *shares of stock* any immunity or

exemption from taxation *on the shares*. That question is now adjudged alone upon the authority of that case. It did not arise, and was not adjudged, in *Bank of Commerce* v. *McGowan*, 6 Lea, 705; in *The State* v. *Butler*, 13 Lea, 406; or in *The State* v. *Butler*, 2 Pickle, 633.

Complainant seeks, in addition to what has already been stated, to recover from the bank $1,800, as privilege taxes for the years 1889, 1890, and 1891. These taxes are claimed from the corporation for the right of exercising its franchises—for the privilege of doing a banking business. Manifestly, the charter tax was intended to cover this right or privilege. The language of the charter implies that, in consideration of the public good and the payment of the tax therein specified, the State will allow the corporation to exercise the franchises granted without further taxation. *City of Memphis* v. *Hernando Ins. Co.*, 6 Bax., 527; *Union Bank* v. *State*, 9 Yer., 490.

The case of *New Orleans City, etc.*, v. *New Orleans*, 143 U. S., 192, is not, as we understand it, an authority against this ruling. There the contract afforded "no evidence of an intention" to exempt the corporation from license or privilege tax (*Ib.*, 195); here the intention to do so is clear and unmistakable. The charter tax was imposed primarily as a consideration for the corporate franchises and the right to exercise them. No other reasonable construction can be placed upon the words of the charter.

The State is bound by its contract; and so, likewise, is the city of Memphis, which is but an arm or agency of the State government. This is true not only as to privilege taxes, but also with respect to the other taxes claimed in this case. All subjects of taxation covered by the charter tax are exempt from further assessment, whether made in behalf of the State, county, or municipality.

As to those subjects, the specified tax is in lieu of all other taxes—State, county, and municipal. Such is the undoubted meaning of the contract. *City of Memphis* v. *Hernando Ins. Co.*, 6 Bax., 527; *Union Bank* v. *The State*, 9 Yer., 490; *Nashville* v. *Thomas*, 5 Cold., 600.

The decision of this case controls the other cases by the same complainant against the Hernando Insurance Company *et al.*, and against the Bluff City Insurance Company *et al.*, respectively, the bills in those cases having been filed for the same purposes and on the same behalf as the bill in this case, and the immunity clause of the charters of those companies, upon which defense is made, being in precisely the same words as that herein considered.

Enter decrees dismissing each of the three bills. Confine the adjudication to points herein discussed, other questions not having been considered.