MEMPHIS *v.* HOME INSURANCE CO.

(*Jackson.* July 7, 1892.)

1. TAXATION. *Of corporations. Charter provision construed.*

Capital stock, not shares of stock, is taxed under clause in charter of corporation providing that "there shall be a State tax of one-half of one per cent. upon the amount of capital paid in."

Act construed: Acts 1853–54, Ch. —.

2. SAME. *Same. Exemption by implication.*

And, under said charter provision, the thing taxed—to wit: the capital stock—is exempted by implication from all taxation, whether State, county, or municipal, other than the charter tax. This exemption does not extend to the shares of stock.

Cases cited and approved: Union Bank *v.* State, 9 Yer., 490; 95 U. S., 679.

Cited and distinguished: 117 U. S., 136.

3. SAME. *Same. Collection of tax assessed against unknown owners of shares of stock.*

Where shares of stock have been assessed to "unknown owners" on account of the default of the corporate officers in furnishing to the assessor the names of share-holders, the tax thus assessed may be collected either by direct suit against the corporation, especially if it be a dividend-paying concern, or by suit against the corporation and its officers, seeking discovery of the names of its share-holders, in order that they may be made parties by supplemental bill.

Acts construed: Acts 1887, Ch. 2, Sec. 10; Acts 1889, Ch. 96, Secs. 10, 12; Acts 1891, Ch. 26, Secs. 5, 7 (Ex. Sess.).

4. SAME. *Same. General rules re-affirmed.*

Doctrine re-affirmed that a charter contract for exemption from taxation (created prior to Constitution of 1870) cannot be impaired by the State, or by counties or municipalities.

Memphis *v.* Home Insurance Co.

Cases cited and approved: Union Bank *v.* State, 9 Yer., 490; Memphis *v.* Union and Planters' Bank, *ante*, p. 546; Memphis *v.* Insurance Co., 6 Bax., 527; Nashville *v.* Thomas, 5 Cold., 600.

5. SAME. *Same. Same.*

Doctrine re-affirmed that charter exemptions from taxation cannot exist unless expressed in language too plain to be mistaken, and are left free from any reasonable doubt.

Cases cited and approved: Memphis *v.* Bank, *ante*, p. 546; Wilson *v.* Gaines, 9 Bax., 551; State *v.* Butler, 13 Lea, 406; 16 How., 435; 18 Wall., 226; 21 *Id.*, 498; 95 U. S., 686; 117 U. S., 136, 148; 109 U. S., 398; 143 U. S., 195.

6. SAME. *Same. Same.*

Doctrine re-affirmed that the capital stock of a corporation and its shares of stock are distinct subjects of taxation, the one not being affected by the taxation or exemption of the other.

Cases cited and approved: Memphis *v.* Bank, *ante*, p. 546; Union Bank *v.* State, 9 Yer., 490; St. R'y Co. *v.* Morrow, 87 Tenn., 406; Memphis *v.* Ensley, 6 Bax., 553; Gas-light Co. *v.* Nashville, 8 Lea, 406; 95 U. S., 687; 117 U. S., 135; 119 U. S., 277.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. J. S. GALLOWAY, Probate Judge, sitting by interchange.

F. T. EDMONDSON and METCALF & WALKER for Memphis.

F. P. POSTON and MORGAN & McFARLAND for Insurance Company.

CALDWELL, J.   The State filed this bill, on behalf of the city of Memphis, to recover from the Home Insurance Company and from the owners of its shares of stock certain *ad valorem* taxes alleged to be due on capital stock and shares of stock respectively.

Defendants, by demurrer, claimed exemption by virtue of the charter of incorporation, which was set out in the bill.   The demurrer was sustained and the bill dismissed.   Complainant has appealed.

The Home Insurance company was chartered March 2, 1854.   By the thirtieth section of the charter it was provided that "there shall be a State tax of one-half of one per cent. upon the amount of capital actually paid in."

Manifestly, this charter tax was laid upon the capital stock, and was by the Legislature intended to operate as an exemption to the corporation from further taxation on that stock.   Though not expressed in so many words, the exemption results by necessary implication from the language employed.

The prescribed tax is the full pecuniary consideration to be paid by the corporation for the franchises granted by the State.   Among those franchises is that of owning and using the capital stock for the purposes contemplated in the charter.   To exact an additional tax upon the company's capital stock is to exact an additional consideration for the thing or one of the things granted in the first instance.   That cannot lawfully be

done.    The charter is a contract whose obligation the State cannot impair by tax-laws or otherwise. *Union Bank* v. *The State,* 9 Yer., 490; *Memphis* v. *Union and Planters' Bank, ante,* p. 546.

This contract binds not only the State, but also the counties and municipalities, which are but agencies of the State government.

The State may not lay an additional tax upon the *capital stock* of the defendant company, nor may the city of Memphis, for whose use this suit is brought. *Ib.; City of Memphis* v. *Hernando Ins. Co.,* 6 Bax., 527; *Nashville* v. *Thomas,* 5 Cold., 600.

This decides but half the case, however; and it remains to inquire whether the charter exemption extends to *shares of stock. Capital stock* and *shares of stock* are different things, and form different subjects of taxation. A tax upon the one is not a tax upon the other, nor is an exemption of the one an exemption of the other. Before the law each must stand upon its own bottom. *Memphis* v. *Union and Planters' Bank, ante,* citing 119 U. S., 277; 117 U. S., 135; 95 U. S., 687; Cooley on Taxation, 231; 9 Yer., 490; 3 Pickle, 406; 6 Bax., 553; 8 Lea, 406.

In the case at bar, it has been seen that the charter tax is laid upon the *capital stock,* and that, by implication, that subject of taxation is to be exempted from further assessment.

That tax is laid upon the one subject of taxation only, and the implication of exemption arising therefrom can, by no fair construction, be held to

36—7 P

have greater scope. The implied exemption cannot be broader than the express tax. Only the subject or subjects covered by the tax are included in the exemption.

As this Court said in a recent case: "The right of taxation is inherent in the State. It is a prerogative essential to the perpetuity of the government; and he who claims an exemption from the common burden, must justify his claim by the clearest grant of organic or statute law." *Memphis* v. *Union and Planters' Bank*, ante, p. 546.

Every presumption is against any surrender of the taxing power; and if, in a given case, a doubt arise as to the intent of the Legislature on this subject, that doubt must be solved in favor of the State. Unless the intention to surrender is manifested by words too plain to be mistaken, the right to tax must be held still to reside in the State. 16 Howard, 435; 18 Wallace, 226; 21 Wallace, 498; 95 U. S., 686; 117 U. S., 136; *Ib.*, 148; 109 U. S., 398; 143 U. S., 195; 9 Bax., 551; 13 Lea, 406.

When this rule is applied to the case at bar, it becomes perfectly clear that *shares of stock* in the Home Insurance Company are subject to *ad valorem* taxation, in such manner as the State may, by proper statute, prescribe. The claim of exemption is not justified by a grant in the clearest terms. Indeed, it is supported by no grant at all. The only exemption given by the charter arises by

implication from the thirtieth section, quoted on the first page of this opinion. That provision has no reference to *shares of stock;* it does not mention them either for the purpose of taxation or for the purpose of exemption. No tax is laid on them, and no exemption can be implied in their favor. Being beyond the scope of the tax prescribed by the charter, they are likewise beyond the immunity afforded thereby.

The words of the charter in this case are the same, in legal import, as those of the charter construed in the case of the *Union Bank* v. *The State,* 9 Yer., 490. There they were held to exempt the capital stock from other than the charter tax, and to leave the shares of stock open to taxation as other non-exempt property. The ruling here made is in accord upon both questions. That case met the approval and commendation of the Supreme Court of the United States in *Farrington* v. *Tennessee,* 95 U. S., 679, and, on the two points mentioned, has never been questioned by this Court.

The *decision* in *Tennessee* v. *Whitworth,* 117 U. S., 136, is not in conflict. The distinction between capital stock and shares of stock, and the liability of both, at the same time, to taxation by the State, were expressly recognized in that case; and the shares of stock there in contest were adjudged not taxable, upon the ground alone that the words of the particular charter were found to manifest an unmistakable intent on the part of the Legislature to exempt them. No such intent ap-

pears, or can reasonably be claimed, in the present case.

The shares of stock were assessed to "unknown owners." That fact is explained by the allegation that the officers of the corporation refused, upon proper application, to furnish a list of the stock-holders to the assessor; and the secretary of the company, who is alleged to be the custodian of its books, is brought before the Court, that a discovery may be had and the stockholders thereafter made parties by supplemental pleading. Though the statute does not require that the officers of a stock company shall *furnish* a li-t of stockholders in the sense of making it out and sending it to the tax-assessor, it does make it the duty of the officers of the corporation to keep such a list always on hand, and subject to the free inspection of the assessor. Acts 1887, Ch. 2, Sec. 10; Acts 1889, Ch. 96, Sec. 10; Acts Extra Session 1891, Ch. 26, Sec. 5.

The allegation is, in effect, that the defendant company failed to perform that duty, and thereby withheld the information necessary to an assessment of the shares to the owners by name.

Discovery is a proper remedy in such a case; yet the complainant might as appropriately and more speedily collect its revenues by proceeding directly against the corporation for a sufficiency of the dividends which the law (Acts 1887, Ch. 2, Sec. 10, and Acts 1889, Ch. 96, Sec. 12; Acts Extra Session 1891, Ch. 26, Sec. 7) requires it to

retain for the payment of taxes on the shares. Especially would such a practice be more speedy than the remedy by discovery, if the corporation be a dividend-paying concern.

Reverse and remand.