SOUTHWESTERN TELEGRAPH AND TELEPHONE COMPANY V.
CITY OF SAN ANTONIO ET AL.

Decided April 1, 1903.

**1.—Taxation—Corporate Franchise.**

The franchises of a corporation, exercised and enjoyed by it in a city, are
subject to taxation as property by virtue of a provision of the city charter
requiring a tax on all property in it.

**2.—Same—Description on Tax Rolls.**

The description of a corporate franchise on the tax assessment rolls of a
city as "The S. W. Tel. & Tel. Company franchise, $100,000," does not suffi-
ciently specify what franchise of the telegraph company is assessed, and is
void.

Appeal from the District Court of Bexar.   Tried below before Hon.
J. L. Camp.

*J. F. Onion* and *A. H. Graham,* for appellant.

*William Aubrey* and *Frank H. Wash,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellant
against the city of San Antonio, its mayor and tax collector, to enjoin
the collection of a tax assessed for the year 1897 upon appellant's fran-
chise.   The facts shown in our conclusions are alleged and relied upon
as the grounds for the injunction.

The appellees answered by general and special exceptions.   The case
was tried without a jury and judgment rendered dissolving the injunc-
tion theretofore issued, and dismissing appellant's petition.

The material facts are as follows:

"(1)   Appellant is a corporation under the laws of New York; it
had a permit to do business in the State, and has been doing business
since 1889, and in the city of San Antonio by ordinance from said city.

"(2)   That appellant furnished to the public a method of commu-
nication by its telephone system; that each of the telephones of its sev-
eral subscribers was connected with all the others for the purpose of
telephoning to other towns and cities in the State and out of the State.

"(3)   That appellant's telephone system extended throughout the
States of Texas and Arkansas.   That each subscriber connected with
appellant's system in the city of San Antonio had communication with
each subscriber in all other portions of the States named, as well as
with each subscriber in said city.

"(4)   That appellant listed and rendered its real and personal prop-
erty in San Antonio for taxation for the year 1897, the value of the
same being stated at $21,550; that such rendition was approved by the
board of equalization of the city of November 18, 1897, for 1897; that
appellant paid in full the amount assessed upon said real and personal
property so rendered by it at the rates mentioned; that the rate was
$1.50 on $100.

"(5)  That the tax assessor of the city of San Antonio entered upon his supplemental list, or roll of unrendered property for the year 1897, as an item of property belonging to appellant, a franchise valued at $100,000, and assessed the same as follows: 'The S. W. Tel. & Tel. Company franchise, $100,000. Total value, $100,000'; that on or about the 17th day of January, 1898, the board of revision and appeals approved said assessment.

"(6)  That appellant failed and refused to pay the tax so assessed upon its franchise, amounting to $1500, because it claimed that such assessment was invalid and without authority of law.

"(7)  That the tax collector of San Antonio had threatened to collect said tax by levy of legal process upon the property of appellant, and that unless restrained said collector would proceed to so collect such tax."

*Conclusions of Law.*—The charter of the city of San Antonio, of the provisions of which courts of this State are required to take judicial cognizance, contains no express authorization for the levy and collection of a franchise tax. If such authority is conferred upon the city, it is by that provision of its charter which requires an annual levy and collection of a tax on all real estate and property in the city of San Antonio, not exempt from taxation by the Constitution of the State or city charter.

"There is almost a consensus of opinion that corporate franchises are property. Gordon v. Appeal Tax Court, 3 How., 133, 11 L. Ed., 529; Wilmington & W. R. Co. v. Reid, 13 Wall., 264, 20 L. Ed., 568; New Orleans City & L. R. Co. v. New Orleans, 143 U. S., 192, 36 L. Ed., 121, 12 Sup. Ct. Rep., 406; San ·Jose Gas Co. v. January, 57 Cal., 614; Spring Valley Waterworks v. Schottler, 62 Cal., 69; Stein v. Mobile, 17 Ala., 234; Enfield Toll Bridge Co. v. Hartford & N. H. Ry. Co., 17 Conn., 40, 41 Am. Dec., 141; Porter v. Rockford, etc., Ry. Co., 76 Ill., 561; Belleville Nail Co. v. People, 98 Ill., 399; Fietsam v. Hay, 122 Ill., 293, 13 N. E. Rep., 501; Baltimore v. Baltimore & O. Ry. Co., 6 Gill., 288, 48 Am. Dec., 531; Portland Bank v. Apthorp, 12 Mass., 252; Connecticut Mut. L. Ins. Co. v. Commonwealth, 133 Mass., 161; State Board of Assessors v. Central Ry. Co., 48 N. J. L., 146, 4 Atl. Rep., 578, 57 L. R. A.; Monroe County Sav. Bank v. Rochester, 37 N. Y., 367; People ex rel. Panama Ry. Co. v. New York Tax Comrs., 104 N. Y., 240, 10 N. E. Rep., 437; Coney Island, etc., Ry. Co. v. Kennedy, 15 App. Div., 588, 44 N. Y. Supp., 825; People v. O'Brien, 111 N. Y., 1, 2 L. R. A., 255, 18 N. E. Rep., 692; People ex rel. Woodhaven Gaslight Co. v. Deehan, 153 N. Y., 528, 47 N. E. Rep., 787; South Nashville Street Ry. Co. v. Morrow, 87 Tenn., 406, 2 L. R. A., 853, 11 S. W. Rep., 348; Knoxville & O. Ry. Co. v. Harris, 99 Tenn., 684, 53 L. R. A., 921, 43 S. W. Rep., 115." Louisville Tobacco Warehouse Co. v. Commonwealth, 57 L. R. A., 33. Corporate franchises are taxable under a statute requiring all property in .the State not exempt to be

taxed. Fond du Lac Water Co. v. Fond du Lac, 82 Wis., 322, 16 L. R. A., 581, 52 N. W. Rep., 439; State ex rel. v. Anderson, 90 Wis., 550, 63 N. W. Rep., 746; Commercial, etc., Co. v. Judson, 56 Pac. Rep., 829; Edison Elec. Illum. Co. v. Spokane Co., 60 Pac. Rep., 132; State v. W. U. Tel. Co. (Mo.), 65 S. W. Rep., 775; South Covington, etc., v. Bellevue, 57 L. R. A., 50.

Franchises relating to corporations are of two kinds: (1) The franchise to be a corporation, conferred upon the corporators. (2) The franchises of the corporation, conferred upon the corporation. Noyes Intercorp. Relations, sec. 130.

As is said in Memphis, etc., Ry. Co. v. Commissioners, 112 U. S., 619: "The essential properties of corporate existence are quite distinct from the franchises of the corporation. The franchise of being a corporation belongs to the corporators, while the powers and privileges vested in and to be exercised by the corporate body, as such, are the franchises of the corporation." The one is a franchise to be; the other is a franchise to do. "The franchise to do is an independent franchise, or rather a combination of franchises, embracing all things which the corporation is given power to do, and this power to do is as much a thing of value and a part of the intangible property of the corporation as the franchise to be. Franchises to do go wherever the work is done." Adams Express Co. v. Ohio State Auditor, 166 U. S., 185.

In the same case it is said: "It matters not in what * * * intangible property consists—whether privileges, corporate franchises, contracts or obligations. It is enough that it is property which, though intangible, exists, which has value, producing income, and passes current in the markets of the world. To ignore this intangible property, or to hold it not subject to taxation at its accepted value, is to eliminate from the reach of the taxing power a large portion of the wealth of the country. Now whenever separate articles of tangible property are joined together, not simply by a unity of ownership, but in a unity of use, there is not infrequently developed a property, intangible though it may be, which in value exceeds the aggregate value of the separate pieces of tangible property. Upon what theory of substantial right can it be adjudged that the value of this intangible property must be excluded from the tax lists, and the only property placed thereon the separate pieces of tangible property? * * * It is a cardinal rule which should never be forgotten that whatever property is worth for the purposes of income and sale, it is also worth for the purposes of taxation."

Upon the principles stated, we are of the opinion that franchises exercised and enjoyed by a corporation in a city which is required to levy and collect a tax on all property in it, are, to the extent of their value in such city, subject to taxation, although a tax has been levied and collected by the city upon the tangible property of such corporation.

But has a tax been levied by the city of San Antonio upon the fran-

chises of the appellant as property within the city? "The S. W. Tel. & Tel. Company franchise, $100,000," is the entry made by the tax assessor upon the roll of unrendered property for the year 1897 as an item of property belonging to appellant. What franchise? The franchise to be or the franchise to do? The franchise exercised and enjoyed in the city of San Antonio, Texas, or the franchise exercised in every town and city in the American Union where it carries on its business, or wherever it exercises any right or privilege of the purpose of its existence? These questions can not be answered from the entry on the assessor's rolls, which is claimed to be the assessment of the tax. The tax rolls must, by the description, show what property is assessed, and the property must be within the jurisdiction of and subject to the taxing power of the State or municipality assuming to exercise the right of its taxation. Here it can not be told from the assessment rolls what the property is, or where it is. The description attempted to be given on the rolls is no description at all.

In the case of State of Texas v. Austin & N. W. Ry. Co., 94 Texas, 530, 62 S. W. Rep., 1050, the assessment is as follows: "The intangible personal property of the said Austin & Northwestern Railroad Company within the State of Texas, consisting of its right, privileges, immunities, good will, contracts and franchise to do and carry on the business of a railroad company as a common carrier of freight and passengers for hire,—value of same, $835,048." In passing upon the validity of the assessment the Supreme Court says: "It was clearly the intention of the Legislature to require that the list, whether made by the taxpayer or by the assessor, should specifically enumerate the properties to be assessed, and should affix thereto the separate value of each. * * * Conceding, for argument sake, that a franchise is described, its value is not separately stated. Rights, privileges, immunities, good will, contracts, and franchises are valued in a lump sum. If taxable at all, each specific article of property of the character in question should be valued by itself. But, beyond all this, we know of no law for assessing for taxation, by the vague description given in the assessment before us, rights, privileges, immunities, good will, contracts and franchises, as the property of any individual or corporation." In that case the description is much more specific than in the one at bar, and the statute under which the assessment was attempted to be made in that case, like the charter under which the assessment is sought to be upheld in this case, required all real and personal property to be taxed.

The case of City of Dallas v. Dallas Consolidated Electric Street Ry. Co., 66 S. W. Rep., 836, is not analogous to the one under consideration. In that case the "sum of $2865 was imposed as a tax by the city on what is denominated the 'franchise to operate and maintain lines of street railway' over certain streets," by virtue of express authority granted the city by its charter "to levy and collect the ordinary municipal taxes upon the roadbed, rights, franchises, and all other property of

street roads of every kind." The franchise in that case is specifically described upon which the tax is levied. In this case there is no description whatever of the franchise.

We conclude that the assessment of the tax sought to be enjoined is absolutely void, and that the trial court erred in not perpetuating the injunction restraining its collection. Therefore, its judgment is reversed, and judgment is here rendered in favor of appellant perpetually enjoining the city of San Antonio, its officers and agents, from the collection of the sum of money or any part thereof claimed by the city by virtue of the pretended assessment.

*Reversed and rendered.*

Writ of error refused.