## SOUTHERN BOULEVARD R. CO. v. CITY OF NEW YORK.*

District Court, S. D. New York.
April 7, 1936.

Alfred T. Davison, of New York City (Addison B. Scoville and Alfred T. Davi-

*Judgment affirmed 86 F.(2d) 633.

600

son, both of New York City, of counsel), for plaintiff.

Paul Windels, of New York City (Oscar S. Cox, Meyer Bernstein, and Sol Charles Levine, all of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is to recover tax paid under protest by the plaintiff to the city of New York. The plaintiff alleges that the law under which the tax was imposed is in violation of the Constitution of the United States. The city moves to dismiss the complaint for insufficiency to state a cause of action. The facts pleaded in the complaint are these:

The plaintiff is a street railroad corporation, with a franchise from the city to operate a street surface railroad on Southern boulevard. The franchise obliges it to pay to the city 5 per cent. of its gross receipts. Its rate of fare is fixed at 5 cents per passenger, and the city will not permit it to charge more. The New York Legislature, by chapter 873 of the Laws of 1934 (Ex.Sess.), authorized the city to adopt local laws imposing any taxes which the Legislature would have power to pass, the funds raised to go toward relief from suffering caused by unemployment. The city, under authority of that statute, passed Local Law No. 21 of 1934 and later passed Local Law No. 2 of 1935. By these local laws it was provided that every utility doing business in the city, "for the privilege of exercising its franchise or franchises, or of holding property, or of doing business in the city" (section 2) during the year 1935, should pay an excise tax equal to 3 per cent. of its gross income for the year. The tax paid by the plaintiff under these local laws came to $8,776.75 for the first nine months of 1935, and it paid under protest. After such payment the plaintiff had a deficit of some $9,300 for the period.

By other local laws enacted under the same enabling act of the Legislature, the city imposed on those carrying on other businesses for the year 1935 an excise tax equal to one-tenth of 1 per cent. of the gross receipts for 1934, except that for those carrying on a financial business the rate was one-fifth of 1 per cent. Under these laws some 10,000 taxicabs that use the streets to transport persons for hire pay only one-tenth of 1 per cent. on gross receipts.

It is alleged that all utility companies in the state, including the plaintiff, are obliged by law to pay franchise tax of one-half of 1 per cent. on gross earnings.

The complaint charges that the local laws imposing the tax on utilities are laws impairing the obligation of a contract, in violation of article 1, § 10, of the Constitution, and that they deprive the plaintiff of its property without due process of law and deny the equal protection of the laws, in violation of the Fourteenth Amendment.

A taxing act similar to those in question was held by the Court of Appeals of New York to be one for a state purpose, since relief of the unemployed is a matter of state rather than of merely local concern. New York Steam Corporation v. City of New York, 268 N.Y. 137, 197 N.E. 172, 99 A.L.R. 1157.

■ 1. The argument on impairment of contract is that, since the plaintiff's franchise was granted on the requirement that the plaintiff pay 5 per cent. of the receipts to the city, it would be an impairment of that contract to require the plaintiff now to pay 8 per cent., 5 by the franchise and 3 by the recent tax. But the franchise was not a surrender by the city of its power to tax the plaintiff along with others in the same class. Nothing short of the most explicit exemption or disclaimer by the city could amount to such surrender. The fact that the measure of the tax, gross receipts, is the same as the measure of the current franchise payment is only a coincidence. The city has not attempted to increase the payments required for the franchise, and the law is not one impairing the obligation of contract. New Orleans City & Lake R. Co. v. New Orleans, 143 U.S. 192, 12 S.Ct. 406, 36 L.Ed. 121; St. Louis v. United Rys. Co., 210 U.S. 266, 28 S.Ct. 630, 52 L. Ed. 1054.

■ 2. The argument derived from the Fourteenth Amendment is that the taxing act is so discriminatory that it denies to the plaintiff the equal protection of the laws and deprives it of its property without due process of law. The alleged discriminations are that taxicab operators are also in the transportation business, yet are obliged to pay under another law only one-tenth of 1 per cent. of gross receipts; that businesses in the city generally are taxed only one-tenth of 1 per cent.; that utilities in the state but not in the city are not taxed at all under these taxing laws.

The states, and likewise the municipality as its agent, have wide range of selection in establishing classes for the purpose of raising revenue. The responsibility for raising money for the support of government is that of the Legislature, and it takes a very plain case of arbitrary discrimination for the courts to interfere. Ohio Oil Co. v. Conway, 281 U.S. 146, 50 S.Ct. 310, 74 L.Ed. 775; State Board of Tax Commissioners of Indiana v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464; Puget Sound Power & Light Co. v. Seattle, 291 U.S. 619, 54 S.Ct. 542, 78 L. Ed. 1025.

There are such manifest differences between street railways and taxicabs, between utilities and other businesses, between utilities in New York City and those outside, that I cannot say that the tax discriminates against the plaintiff. The additional facts that the plaintiff is not in a position to pass the tax on to its customers, and that it is losing money in its business, are hardships, but not the sort of hardships that a court can give relief against in a tax matter. New York Steam Corporation v. City of New York, supra, while dealing with an earlier local act, is fairly in point so far as the alleged violation of the Fourteenth Amendment is concerned.

The motion by the defendant to dismiss must be granted.