TILLMAN PEARSON, Judge.
Southern Bell Telephone and Telegraph Company has appealed from a final decree in which the chancellor held that a tax levied by the appellee, Town of Surfside, Florida, a municipal corporation, is a valid exercise of the Town’s police and taxing power. The chancellor has fully set forth the history of the case and the factual basis of his decision. It is as follows:
“THIS CAUSE came on before me to be heard on Plaintiff’s motion for a summary final decree, and, after the parties orally agreed before me that each waived further evidence or pleadings, the cause was submitted on the pleadings, oral argument, and memo-randa and reply briefs for the entry of a final decree.
“In dispute is Ordinance No. 591, adopted by the Council of the Town of Surfside under date of October 24, 1963. The purpose of the ordinance is described in its Section 1, which reads as follows:
“ ‘Section 1. That commencing November 1, 1963, there be and hereby is levied upon each telephone company doing business within the Town of Surfside, pursuant to a franchise-granted by the Town of Surfside, an annual *558 license, ■ occupational, inspection and francihse tax or fee in an amount equal to one per cent of the bills of such company for exchange service of customers receiving service within the corporate limits of the Town of Surfside *
“The Plaintiff, a New York corporation authorized to do business in Florida, attacked the validity of the ordinance under its complaint for injunctive and other relief. The complaint alleges the existence of a valid thirty-year franchise granted to the Plaintiff January 11, 1943, permitting it to use the public streets in the Town of Surf-side in the construction of its facilities and the conduct of its business in the Town, and that Ordinance No. 591, here under attack, required additional compensation for the use of Surfside’s 'streets and, therefore, is an effort to impair the validity of the franchise' contract between the parties in contravention of Sections 1, 12 and 17 in the'Declaration of -Rights in the Florida Constitution, and Section 10 of Article I of the Fifth and Fourteenth amendments to the Constitution of the United States. It further alleges that the ordinance is designed to raise revenue; that it is contrary to the provisions of Section 205.02, Florida Statutes, limiting municipalities to fifty per cent of the State’s occupational license taxes; that it is not authorized by the Town’s Charter; and that it is vague, indefinite and uncertain.
“Plaintiff prays for a temporary injunction,. pendente lite, and permanent injunction upon final hearing.
* * * * * *
“In its answer, the Town admits the existence of a franchise, but denies that Ordinance No. 591 imposes any additional charge for use of the streets. It further denies the applicability of the quoted portions of Chapter 205, Florida Statutes,-and alleges that Surf-side has full charter and statutory authority for the adoption of Ordinance Nó. 591 which is presumptively valid. It further denies any vagueness in the language of the ordinance and states that the language is extracted from a tariff provision filed with the Florida Public Utilities Commission by the Plaintiff.”
The basic argument of the public utility is that the ordinance enacted must be construed either (1) as an additional charge or franchise fee for the use of the streets by the utility, or (2) an occupational license tax upon the utility. It is urged that on either alternative, the tax imposed is illegal.
The chancellor in effect agreed that the ordinance would be invalid if it were an additional charge for the use of the streets because it.would be an impairment of the contract between the parties which is embodied in the franchise granted to the utility-. In this connection it should be noted that the franchise does not reserve the right for additional taxes upon the use of the - franchise, nor is there a provision in the franchise exempting the plaintiff from the Town’s power to tax. Furthermore, the franchise has been accepted and has become binding between the parties.
The chancellor found that the ordinance does not attempt to impose any additional charge for the right to use the streets of Surfside. He held that it merely taxes and regulates the operation of plaintiff’s business in the Town.- He then held that the granting of a franchise, such as we are dealing with here, does not preclude municipalities from thereafter imposing license privilege upon the utility. - We find no-fault in the reasoning of the lower court that the ordinance in question is not invalid as- an impairment of contract, and therefore decline to reverse upon this point. New Orleans City & Lake Railroad Company v. City of New Orleans, 143 U.S. 193, 12 S.Ct. 406, 36 L.Ed. 121 (1892) Memphis Gaslight District v. Taxing District of Shelby County, Tennessee, 109 U.S. 398, 3 S.Ct *559 205, 27 L.Ed. 976 (1883); St. Louis v. United Railways Co., 210 U.S. 266, 28 S.Ct. 630, 52 L.Ed. 1054 (1908); Puget Sound Power & Light Co. v. Seattle, 291 U.S. 619, 54 S.Ct. 542, 78 L.Ed. 1025 (1934): Contra: Boise Artesian Hot & Cold Water Company v. Boise City, 230 U.S. 84, 33 S.Ct. 997, 57 L.Ed. 1400 (1913).
We turn to the second alternative of the appellant, which is that if the ordinance does not impose a charge for the use of streets, it must be considered an occupational license tax which is in excess of the amount the Town is empowered to levy by Chapter 205, Fla.Stat., F.S.A. Section 205.-02, Fla.Stat., F.S.A. reads as follows:
“County and City License Taxes, Amounts. — In every case, not otherwise provided by law, a county license tax of fifty per cent of the state license tax be and the same is levied and imposed upon every business, profession, or occupation, and the tax collector of each county in this state shall collect such county license tax when the business, profession, or occupation is engaged in, conducted or carried on in any such county, and all the penalties prescribed by law for the nonpayment of license taxes or for doing business without a license shall extend to and apply to county license taxes, whether imposed by this chapter or any other law of the state; provided, that incorporated cities and towns may impose such further license taxes of the same kind upon the same subjects as they may deem proper, except when otherwise provided by law, but the license taxes so imposed shall not exceed fifty per cent of the state license tax, except as otherwise authorized by law.”
The trial judge reasoned that the final clause of section 205.02 limits the application of the section to those municipal corporations which do not have charters that, as special acts of the legislature, make the section inapplicable to the city involved. He then points out that the charter of the Town of Surfside contains a provision as follows:

"Sec. 32.

All general laws of the state applicable to municipal corporations heretofore or hereafter enacted, and which are not in conflict with the provisions of this charter or with ordinances or resolutions hereafter enacted by the council pursuant to authority conferred by this charter, shall be applicable to said town; provided, however, that nothing contained in this charter shall be construed as limiting the power of the council to enact any ordinance or resolution not in conflict with the constitution of the state or with the express provisions of this charter.” Special Acts of Fla., 1951, Chap. 27914, § 32.
The chancellor concludes, and we agree, that the quoted section places the Town of Surfside within the contemplated exceptions of § 205.02, Fla.Stat., F.S.A. Canova v. Williams, 41 Fla. 409, 27 So. 30 (1899). Appellant contends that section 74 of the charter [Special Acts of Fla., 1951, Chap. 27914, § 74] is controlling and specifically makes applicable § 205.02, Fla.Stat., F.S.A. to Ordinance 591. Section 74 of the charter reads in part as follows: “The general laws of the State of Florida upon the subject of taxation shall apply to and govern in the assessment, levy and collection of taxes in the Town of Surfside * * *.” We construe this section as pertaining only to those general laws which are procedural in nature. This section is therefore not controlling. We hold that the trial judge correctly read the provision in section 32 of the charter to permit a license tax different than that provided by § 205.02, Fla. Stat., F.S.A.
Appellant’s reliance upon State ex rel. Worley v. Lewis, 55 Fla. 570, 46 So. 630 (1908) in this connection appears to be misplaced, inasmuch as the opinion on that appeal does not reveal a provision specifical *560 ly granting the city council authority to make ordinances pursuant to granted authority which can be in conflict with the general laws of the State applicable to municipal corporation.
Appellant’s additional points need not be considered because in each instance they are hinged upon the conclusion that the Town of Surfside had no right to enact a license tax greater than that set forth in § 205.02, Fla.Stat., F.S.A. Having reached the conclusion that the appellant has failed to demonstrate error in the decree, the decree is affirmed.
Affirmed.