## THE PATERSON AND PASSAIC GAS AND ELECTRIC COMPANY v. THE STATE BOARD OF ASSESSORS ET AL.

Argued November 14, 1902—Decided February 24, 1903.

1. The Paterson and Passaic Gas and Electric Company was formed March 1st, 1899, by the consolidation and merger of eight corporations, some of whom possessed and exercised municipal franchises within the definition laid down in *State Board of Assessors* v. *Plainfield Water Company*, 38 *Vroom* 357, and since its formation the consolidated company has constantly exercised those franchises. *Held,* that the company is subject to taxation under section 4 of the act of March 23d, 1900 (*Pamph. L., p.* 502), for the taxation of franchises.

2. The tax to be levied on the corporation under that section is two per cent. of its gross annual receipts from all its business, not merely two per cent. of its receipts from the exercise of municipal franchises.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *Richard V. Lindabury* and *Hobart Tuttle.*

For the defendants, *Michael Dunn.*

The opinion of the court was delivered by

DIXON, J. The Paterson and Passaic Gas and Electric Company was formed on March 1st, 1899, by the consolida-

tion and merging of the Paterson Gas Light Company, the Peoples Gas Light Company of the city of Paterson, the Passaic Gas Light Company, the Edison Electric Illuminating Company of Paterson, the Passaic and Bergen Gas Company, the Lodi Light, Heat and Power Company, the Passaic Electric Light, Heat and Power Company and the Passaic Lighting Company. Under the Corporation act of 1896, in pursuance of which the merger and consolidation took place, the several corporations became a new single corporation, with a new name, new capital stock and new directors, and was (speaking generally) endowed with all the rights and powers, and charged with all the duties and limitations, of the constituent companies.

Under the act of March 23d, 1900, for the taxation of franchises (*Pamph. L., p.* 502), this company on April 23d, 1901, made return to the state board of assessors, that its gross receipts from its business in the State of New Jersey for the year ending December 31st, 1900, amounted to $572,-007.40, whereupon that board assessed the tax against the company at $11,440.15, and apportioned the same to the various taxing districts in which the property of the company was located.

The present writ of *certiorari* is prosecuted to reduce that tax.

The ground of the application for reduction is that three of the constituent companies, namely, the Paterson Gas Light Company, the Peoples Gas Light Company and, the Passaic Gas Light Company, never exercised any "municipal franchises" within the definition of that phrase given in *State Board of Assessors* v. *Plainfield Water Co.,* 38 *Vroom* 357. The prosecutor contends that as by the terms of the act of 1900 it cannot "apply to any corporation which has not hitherto or may not hereafter exercise any municipal franchise" (section 8), therefore, it cannot apply to the prosecutor so as to impose a tax upon the receipts derived from the business formerly carried on by those companies.

This contention plainly ignores the language of the statute.

Construing together the first, fourth and eighth sections of

the act, it will be manifest that the corporations which are to make return to the state board are thus described "corporations (other than municipal corporations or corporations taxable under the act of April 10th, 1884) which have acquired, or may hereafter acquire, authority or permission from the state or from any taxing district thereof, and have or may hereafter have the right to use, occupy and occupying the street or highways, roads, lanes or public places in the state," excluding, however, from such class of corporations "any corporation which has not hitherto or may not hereafter exercise any municipal franchise."

The prosecutor concedes that it is not taxable under the act of April 10th, 1884, that it acquired from the state, through the charters of the three constituent companies last named, and from certain taxing districts of the state, through the five other constituent companies, authority and permission to use and occupy certain streets and highways in several municipalities of the state, that it is using those streets and highways, and that the franchises passing to it from those five companies, and which it is constantly exercising, were municipal franchises within the case cited—that is, franchises that could not be exercised without first obtaining the consent of the municipalities within whose limits they were to be exercised.

It thus appears that the present corporation is within the general scope of sections 1 and 4 of the act and is not within the special exception of section 8, in other words, that it is a corporation required to make return to the state board.

What that return is to set forth is declared by the act in unmistakable terms, "the gross receipts of its business in the State of New Jersey for the preceding year," and then "an annual franchise tax of two per centum upon the annual gross receipts as aforesaid" is to be assessed upon the corporation in lieu of all other franchise taxes.

There is here no suggestion that the tax is to be limited to such receipts as are derived from the exercise of municipal franchises.

The tax is affirmed, with costs.