NEW YORK AND NEW JERSEY WATER COMPANY, PROSE-CUTOR, v. CHARLES E. HENDRICKSON ET AL., STATE BOARD OF ASSESSORS ET AL.

Submitted July 1, 1915—Decided March 9, 1916.

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *Fort & Fort.*

For the defendants, *Francis H. McGee* and *Herbert Boggs,* assistant attorney-general.

. PER CURIAM.

An assessment of $2,006.45 was levied against the prosecutor's property as a franchise tax, under the act of 1900 (*Pamph. L., p.* 502; 4 *Comp. Stat., p.* 5298, ¶ 527), upon a return made by the prosecutor, wherein it reported that the gross receipts from business done by it and over its whole pipe line for the year ending December 31st, 1913, amount to $192,296.67.

It further returned that the whole length of the pipe line which it owned and operated was thirty-five thousand feet, and that the length of lines in any street or highway in this state was four thousand one hundred and seventy feet, which was itemized as follows: Bayonne, two thousand one hundred and seventy feet of pipe, and to Kearny, two thousand feet. The state board of assessors added thereto, in estimating the proportion of mileage in the streets of this state, mileage in the city of Bayonne, bringing it up to four miles, and for North Arlington borough, one thousand five hundred and seventy-nine miles, which ownership and franchises are admitted in the statement of facts filed on behalf of the prosecutor with the assessors by the prosecutor's counsel, and which statement of facts is embodied in the return to the writ in this case, and was further substantiated by the testimony of the witness Dan, sworn in behalf of the prosecutor. The assessors arrived at the assessment levied by taking the proportion of the length of the line along the streets and highways to the length of the whole line as such proportion bears to the gross receipts, at the rate of two per cent.

The first reason assigned by the prosecutor for setting aside the assessment is that it was erroneously assessed under the act of 1900 upon its gross receipts derived by it from its business, whereas it was only subject to be assessed upon its capital stock under the act of 1906 (*Pamph. L., p.* 31), which is a supplement to an act entitled "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof, approved April 18th, 1894."

We find no merit in this contention. The undisputed facts

upon which the state board of assessors levied the assessment are briefly these:

The prosecutor was organized in 1894 under the laws of this state. Immediately after it entered into a legal existence, Beall & Washington, who had a contract with the city of Bayonne, by which they were bound to furnish Bayonne with water for a period of twenty-five years, from September 1st, 1894, to September 1st, 1919, at certain fixed schedule prices, assigned the contract to the prosecutor. By the terms of the contract the prosecutor was required to supply Bayonne with an unlimited quantity of water daily for which it secured a sliding scale of prices, depending upon the number of million gallons of water supplied. The prosecutor is required to deliver the water at such points as may be designated by the city and grants to the company the right to open streets and lay pipes for the purpose of reaching the points designated for the delivery of the water, but not otherwise.

The pipes of the company are located in and off the highways in the city of Bayonne and in the borough of North Arlington and in Kearny, in Hudson county. The prosecutor does not sell to any customer except the city. The water is billed to the city, which then distributes the water to customers and collects a retail price for the same. The city owns all of the distributing pipes and mains in the highways other than in such crossings as are necessary to be made by the company for points designated for delivery of the water except in the case of the pipes known as the Avenue E line, the history of which is as follows: In 1904, under an arrangement by ordinance, and acceptance thereof by the prosecutor, it was granted permission to run a pipe line through Avenue E, Bayonne, to the banks of the Kill von Kull, there to connect with a projected pipe line under the Kill to Staten Island, for the purpose of supplying water to the borough of Richmond, subject to the right of the city to tap the line for water at points desired to be paid for as used in accordance with the amount taken as indicated by meters at the points tapped. The right to use the Avenue E line was assigned by the prosecutor in 1904 to the Hudson County Water Com-

pany, then the Richmond Water Company, which corporation intended to supply Staten Island with water, but was restrained from doing so by the Court of Chancery and by legislation. That company subsequently became insolvent and all of its property was sold at foreclosure of a mortgage which was bought in by the Suburban Water Company, which incorporated under the laws of this state in 1912, having for its purpose the purchase, and it did purchase, all the property of the Hudson County Water Company, including the Avenue E pipe line and the right to operate it. This right to operate was subject to the charge of carrying water for the benefit of the city, to be supplied to the city on demand at the rate of $5 per million gallons, which was the price stipulated in the original assignment by the prosecutor to the Hudson County Water Company, which last-named company, however, did not use the pipes.

The Suburban Water Company used the pipes for the single purpose of supplying Bayonne with the water delivered to the Suburban Water Company, now the Suburban Investment Company, by the prosecutor, in fulfillment by the latter of its original contract with Bayonne. On the 30th day of July, 1913, this franchise was assigned to the prosecutor by the Suburban Water Company, since which time the prosecutor has been owner of the Avenue E pipe line and that franchise.

The prosecutor's property was subject to a franchise tax under the act of 1900, *supra,* which provides that all property, real and personal, and all franchises of all persons, co-partnerships, associations and corporations other than municipal or corporations under the act of taxation of railroads and canal property, which have acquired or which may hereafter acquire permission of the state or from any taxing district thereof, and have or hereafter have the right to occupy, and are occupying, the streets, &c., shall be assessed a tax upon the gross receipts of their business for the previous year.

This is clear from the return made by the prosecutor to the state board of assessors by which return it was made to appear that the prosecutor was exercising the franchise in the city of Bayonne to carry water on and over the streets and highways,

and that four thousand one hundred and seventy feet of its pipes were in the streets and highways of this state.

The second reason relied on by counsel of prosecutor for declaring the assessment invalid, is that Avenue E pipe line should not have been included in the average mileage of the prosecutor for the year 1913, because the prosecutor did not acquire title to it until then, and that therefore its inclusion in the mileage resulted in rendering the gross earnings of the prosecutor for the first seven months of the year, taxable upon a basis entirely disproportionate to the extent of the pipe in the public streets, and, consequently, result in an unfair apportionment of the tax between Bayonne and North Arlington. But that can be of no concern to the prosecutor. Neither Bayonne nor North Arlington is here complaining. The prosecutor was taxable on its gross income without any reference to the Avenue E line. The inclusion of the line as a basis of apportionment is a matter of no concern to the prosecutor, but of much concern to Bayonne. While it is true that Bayonne receives a whole year's share on a five months' user, it is a matter in which the prosecutor has no concern whatever. And though Bayonne gains in this respect, it loses the seven months' user by the Suburban Investment Company, and this situation demonstrates that whole tax is levied on "a last year's basis."

And a similar argument is made in regard to the inclusion of the North Arlington mileage. The additional contention is that this line was not constructed until September, 1913, and that of that line only four thousand seven hundred feet were in the highway; that the pipe had never been put in service nor had produced or assisted in producing any revenue. We think that the fact that the pipe was laid September 13th, 1913, is wholly immaterial, in the view that we have already expressed. Whether the pipe was used or not makes no difference. *North Jersey Street Railway Co.* v. *Jersey City,* 72 *N. J. L.* 383. The tax is on the income and it is distributed according to "length of line."

Counsel for the prosecutor to carry out the theory that the assessment was improperly levied invoke the rule applicable

to the assessment and collection of the local tax, as a consequence, it is claimed that the assessment should have been based upon conditions existing on May 20th, 1913, and that if this had been done, it would have excluded from consideration the Avenue E line and North Arlington line, since the former line was not owned and the latter not in existence at that time. But the rule applicable to the assessment and collection of the local tax on private property is clearly inapplicable here.

The theory of the act of 1900, *supra,* upon which the assessment in the present case may be levied (as well as of the railroad tax cost), is to levy the tax in advance and not in arrears as in ordinary cases. Thus, for instance, on private property the value is taken as of May 20th, 1914, for 1914. If we were to follow out this rule we would look to May 20th, 1914, for conditions, and find that the Suburban Investment Company had ceased operating ten months before. The assessment, in the present case, was made in and for the year 1914, and the situation is taken as of December 31st, 1913. This works no injustice, but rather beneficially to the corporations. For example, if the prosecutor had been organized July 30th, 1913, and commenced operation at once under its franchise, it would pay no tax of 1913, and for 1914 would be assessed for franchise of the whole year on a five months' basis. For 1915 it would pay for the first time on income of 1914 for the whole year. If, however, it should cease July 30th, 1915, and dissolve, its statement of its income for 1914 would have gone in and it would pay that tax. In 1916 there would be no tax, though it had done business for seven months. And so it appears that the situation equalizes itself in that way. But this remains to be added to what has been said on the subject of the number of feet of pipe in the streets of the municipalities, that it does appear from the testimony that only four thousand seven hundred feet of pipe are in the streets of North Arlington, instead of one thousand five hundred and seventy-nine miles as found by the assessors. This, if true, will result in a change of apportionment, but cannot affect the amount as assessed against the prosecutor. The

apportionment affects the municipalities and not the prosecutor.

The prosecutor further assails the tax upon the ground that it impairs the obligation of the contract entered into between the city of Bayonne and Beall & Washington, because the act under which the assessment was made and levied was subsequent to that contract and subsequent to the contract whereby the city permitted the building and use of the Avenue E line of the prosecutor. This contention fails to find any support in well-considered cases dealing with the subject. *North Jersey Street Railway Co.* v. *Jersey City, supra;* 74 *Id.* 761; *Trenton* v. *Trenton Street Railway Co.,* 72 *Id.* 317; *Memphis Gas Light Co:* v. *Shelby County,* 109 *U. S.* 398; *Home Insurance Co.* v. *New York,* 134 *Id.* 594; *New Orleans City and Lake Railroad Co.* v. *City of New Orleans,* 143 *Id.* 192; *Metropolitan Street Railway Co.* v. *New York,* 199 *Id.* 1; *Heerwagen* v. *Crosstown Street Railway Co.,* 179 *N. Y.* 99.

The writ will be dismissed and the action of the state board of tax assessors affirmed, with costs.

Submitted July 1, 1915—Decided March 9, 1916.

For the prosecutor, *Fort & Fort.*

For the defendants, *Francis H. McGee* and *Herbert Boggs,* assistant attorney-general.