NEW JERSEY WATER SERVICE COMPANY, PROSECUTOR, v. STATE TAX COMMISSIONER AND STATE BOARD OF TAX APPEALS, DEFENDANTS.

Submitted October term, 1934—Decided April 4, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *John L. Ridley.*

For the defendants, *David T. Wilentz,* attorney-general, and *John Solan.*

The opinion of the court was delivered by

HEHER, J. The prosecutor challenges the validity of an assessment and apportionment of taxes made against it for the year 1932, by the state tax commissioner, and affirmed by the state board of tax appeals.

The tax was levied under the Voorhees Franchise Tax act. *Pamph. L.* 1900, *p.* 502; 4 *Comp. Stat., p.* 5298, as amended by chapter 240 of the laws of 1918 (*Pamph. L.* 1918, *p.* 907; *Cum. Supp. Comp. Stat.* 1924, § 208-527 *et seq.*), and chapter 302 of the laws of 1927 (*Pamph. L.* 1927, *p.* 567; *Cum. Supp. Comp. Stat.* 1930, §§ 208-530, 208-532).

These are the essential facts: In 1931, the prosecutor maintained water plants, and lines, for the service of water in the municipalities of Butler, Bloomingdale, Little Falls and West Paterson. On September 30th, 1931, it sold the Butler and Bloomingdale plants to Butler. These plants were thereafter operated by that municipality, while the Little Falls and West Paterson plants continued to be operated by prosecutor. The water company's gross receipts for the year 1931, as shown by its return made to the tax commissioner, pursuant to section 4 of chapter 195 of the laws of 1900, *supra*, amounted to the sum of $103,954.38. Of this, $63,082.32 was derived from the operation of the Little Falls plant (which included West Paterson), and the remainder, $40,872.06, was the gross receipts from the Butler plant from January 1st, 1931, to September 30th, 1931. As of September 30th, 1931, the length of several lines owned by the water company, according to the return, was: In Little Falls, 15.490 miles, and in West Paterson, 3.886 miles, or a total of 19.376 miles; in Bloomingdale, 10.709 miles, and in Butler, 13.011 miles, or a total of 23.720.

The tax commissioner, pursuant to section 5 of the mentioned act, assessed a tax of five per cent. of the entire gross receipts of the water company, amounting to the sum of $5,197.72. He apportioned this sum between Little Falls and West Paterson, in proportion to the value of the property of the water company located in, upon or under the public streets, highways, lanes or other places therein, as shown by the returns filed with him by the assessors of these municipalities. Under the apportionment, Little Falls became entitled to $4,862.38, and West Paterson to $335.34. None of the money was allotted to Butler or Bloomingdale.

The sole point raised by the prosecutor is that the levy of a tax upon the receipts derived from the operation of the Butler and Bloomingdale plants is unconstitutional and invalid. Specifically, it is urged that, "the act itself is constitutional, but that the assessment as levied arising from the gross receipts derived from the company's operations in Butler and Bloomingdale is incorrect," for the reason that it is "subjected to the payment of a tax based on gross opera-

tions in Butler and Bloomingdale although these plants had been sold to Butler prior to the expiration of the year 1931, because the plants were sold to a municipal corporation which is tax exempt, whereas if the plants had been sold to another water company" prosecutor "would have been relieved of the obligation and the purchasing corporation would have been obligated to pay the tax therefore." It is said that "such construction of the law is discriminatory and unjust."

There is no merit to this claim. The tax commissioner properly levied this franchise tax upon the gross receipts shown by the return made by the water company. This was in conformity with section 4 of the act of 1900, as amended by chapter 320 of the laws of 1927, *supra*. The sale by the water company of the Butler plant during the tax year does not relieve it from the obligation to pay the tax levied upon its gross receipts as shown by its return. *New York and New Jersey Water Co.* v. *Hendrickson*, 88 *N. J. L.* 595; 97 *Atl. Rep.* 153. Compare *Hann* v. *State Board of Taxes and Assessments*, 7 *N. J. Mis. R.* 1047; 147 *Atl. Rep.* 724, 725; *Paterson and Passaic Gas Co.* v. *State Board of Assessors*, 69 *N. J. L.* 116; 54 *Atl. Rep.* 246. Chapter 109 of the laws of 1928 (*Pamph. L.* 1928, *p.* 223; *Cum. Supp. Comp. Stat.* 1930, §§ 208-535a(1), 208-535a(2), cited by prosecutor, is of no avail. It does not modify in any respect the obligation of the water company here, under the Voorhees act, to pay a tax levied upon its gross receipts. If applicable at all, it was designed to safeguard the tax in the event of a sale of the property and franchise of a company subject to such tax; it was devised to make effective the provision imposing such a tax. The exemption of the municipality manifestly does not, under these circumstances, constitute unlawful discrimination. As to this, it suffices to point out that, where a sale is made to such a governmental agency, the payment of the tax can be provided for by the contract. There is, therefore, no factual basis for the claim.

The application is denied, with costs.