## SAVANNAH, THUNDERBOLT AND ISLE OF HOPE RAILWAY v. SAVANNAH.

### ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 238. Argued April 28, 1905.—Decided May 15, 1905.

There is no foundation for the jurisdiction of this court to review the judgment of the highest court of a State refusing to restrain the collection of a tax the imposition of which is not authorized by any law of the State. *Barney* v. *City of New York*, 193 U. S. 430.

A classification which distinguishes between an ordinary street railway, and a steam railroad, making an extra charge for local deliveries of freight brought over its road from outside the city, *held*, under the facts of this case, not to be such a classification as to make the tax void under the Fourteenth Amendment because it denies the street railway the equal protection of the law, or deprives it of its property without due process of law.

Where none of the expressions in a contract between a street railway company and the municipality in regard to the extension of company's tracks for the better advantage of, and affording more facilities to, the public, import any exemption from taxation, the subsequent imposition of a tax, otherwise valid, is not invalid under the impairment of obligation clause of the Constitution.

THE facts are stated in the opinion.

*Mr. David C. Barrow,* with whom *Mr. George A. King* was on the brief, for plaintiff in error:

This tax is imposed on the plaintiff in error because it does business in the city of Savannah, and for the use of the streets

of the city in doing it. The railway is both within the city limits and outside of the city. The Central of Georgia Railway Company, a steam railroad, is engaged in business within the limits of the city, using a total of five miles of the streets. Its lines also extend outside of the city of Savannah. The business carried on by the plaintiff in error and the business carried on by the Central of Ga. R. R. Co. are both local, from one point within the city limits to another point within the city limits. The only differences between the two are that plaintiff in error operates by electricity and in the business done in the city of Savannah transports freight and passengers while the Central of Ga. R. R. Co. operates by steam and in the business done in the city of Savannah transports freight.

The difference between these two corporations is not sufficient to justify a classification which puts the electric railway in one class and imposes a burden on it of $100 per mile per annum and puts the commercial railway in a separate class and exempts it from any tax. This court recognizes the definition of the class as contained in the taxing act and the classification must be justified under such definition. *Magoun* v. *Ill. Trust & Savings Bank*, 170 U. S. 283, 296; *Pacific Express Co.* v. *Seibert*, 142 U. S. 339.

In order to sustain a classification based not upon the kind of business carried on, but upon the special privileges granted, the enjoyment of the privileges places the person taxed in a separate and distinct class by reason of such privilege. The taxing power can not base its classification on the privilege granted and impose a burden therefor without going further and seeing to it that no one is omitted from the burden, whatever their business may be or they may be called, who enjoy the same privileges. *Gulf, Colorado & Santa Fé Ry.* v. *Ellis*, 165 U. S. 150, 157; *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461, 465.

In this case the city has failed to treat all persons alike under like circumstances and conditions, both in the privileges conferred and the liabilities imposed. *Hayes* v. *Missouri*, 120

U. S. 68, 71; *Soon Hung* v. *Crowley,* 113 U. S. 703, 709; *Billings* v. *Illinois,* 188 U. S. 97.

This court has recognized the principle that in determ'ning whether or not corporations belonged to the same class it is necessary to consider whether they are held by the taxing power as equally responsible and liable in other matters relating to their business. *Missouri Pacific Ry. Co.* v. *Mackey,* 127 U. S. 205, 210; *Minn. & St. Louis Ry.* v. *Beckwith,* 129 U. S. 26, 29.

The prohibition of the Constitution against the impairment of the obligations of contracts applies to implied as well as express contracts. *Fisk* v. *Jefferson Police Judge,* 116 U. S. 131; *Construction Co.* v. *Fitzgerald,* 137 U. S. 98, 112.

The whole contract must be brought into view and interpreted with reference to the nature of the obligations between the parties and the intentions they have manifested in forming them. *O'Brien* v. *Miller,* 168 U. S. 287, 297; *Goddard* v. *Foster,* 17 Wall. 123, 142; *Black* v. *United States,* 91 U. S. 267.

Where the court from all the circumstances surrounding the contract and the consideration and acts of the parties implies certain stipulations it does not thereby vary the contract or introduce new terms into it, but declares that certain acts unexplained by the compact impose certain duties and that the parties had stipulated for their performance. *Ogden* v. *Saunders,* 12 Wheaton, 341, 342.

The city having accepted the benefits under the contract with the plaintiff in error, this ordinance imposing a tax for the privilege of using those streets named in the contract, impairs the obligations of the same. *Chicago* v. *Sheldon,* 9 Wall. 50; *St. Louis* v. *West. Union Tel. Co.,* 63 Fed. Rep. 68; *Iron Mountain R. Co.* v. *Memphis,* 96 Fed. Rep. 113; *Mercantile Trust Co.* v. *Collins Park & B. R. Co.,* 101 Fed. Rep. 347.

An ordinance of a city council providing for an extension of the tracks of a street railway and fixing the rate of fare constitutes a contract which is impaired in violation of the Constitution of the United States by a subsequent ordinance

which undertakes to reduce the rate of fare.  *Detroit* v. *Street Railway Company,* 184 U. S. 368; *Cleveland* v. *Railway Company,* 194 U. S. 517.

This ordinance being void on this ground in so far as it relates to a part of the route, the entire ordinance is void as it is impossible to separate the illegal portion of the tax from the legal portion—admitting for the sake of argument that it is otherwise legal.

Where a tax assessment includes property not legally assessable and the part of the tax assessed upon the latter property can not be separated from the other part, the entire tax assessment is invalid.  *Santa Clara* v. *So. Pac. R. R.,* 118 U. S. 394, 415; *California* v. *Pacific R. R. Co.,* 127 U. S. 1, 29, 45; *Central Pacific R. R.* v. *California,* 162 U. S. 163.

*Mr. William Garrard* for defendants in error:

The ordinance is valid under the local law, and the classification is proper.  *Savannah* v. *Weed,* 84 Georgia, 683; *Savannah* v. *Crawford,* 75 Georgia, 35; *Goodwin* v. *Savannah,* 53 Georgia, 410.  It is a business tax and not a tax on property.  *Home Ins. Co.* v. *Augusta,* 50 Georgia, 530; *Loan Assn.* v. *Stewart,* 109 Georgia, 80; *Weaver* v. *Georgia,* 89 Georgia, 642; *Davis* v. *Macon,* 64 Georgia, 128.

The contract for extension contained no exemption from taxes and if it did the municipality had no power to make the exemption.  *Factory* v. *Augusta,* 83 Georgia, 734; *Savannah* v. *Crawford,* 75 Georgia, 35; *Wells* v. *Savannah,* 107 Georgia, 2; *S. C.,* 181 U. S. 539; *Railway Co.* v. *New Orleans,* 143 U. S. 192.

The Constitution of the United States does not profess in all cases to protect property from unjust taxation by the States.  That is a matter for state protection.  *Los Angeles* v. *So. Pac. Ry. Co.,* 64 California, 433; *Wyandotte* v. *Corrigan,* 10 Pac. Rep. 99; *Railroad Co.* v. *Columbia,* 32 S. E. Rep. 408; Dillon, Mun. Corp., 4th ed., § 789; *Denver* v. *Street Railway,* 29 L. R. A. 610.  If the tax is not authorized by a state

law there is no Federal question. *Hamilton* v. *Hamilton*, 146 U. S. 258, 266; *Barney* v. *City of New York*, 193 U. S. 430; *W. U. Tel. Co.* v. *Ann Arbor R. R. Co.*, 178 U. S. 239; *Savannah* v. *Holst*, 132 Fed. Rep. 901; *Watson* v. *Nevin*, 128 U. S. 582; *Mobile* v. *Kimball*, 102 U. S. 691.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by the plaintiff in error to restrain the collection of a municipal tax by the defendants. The bill sets forth, among other grounds, that the tax impairs the obligation of a contract, and also is an attempt to take the plaintiff's property without due process of law, contrary to the Constitution of the United States. According to the bill and the fifth assignment of error there is no law of the State of Georgia which authorizes the imposition of the tax. Were this true the foundation of our jurisdiction would be gone and this writ of error should be dismissed. See *Barney* v. *City of New York*, 193 U. S. 430. But although the plaintiff has taken inconsistent positions and has confused questions for the state court alone with those which may be brought here, still, since it has shown a clear intent to raise the Federal question from the beginning, since the bill in another place alleges that the tax is an authority exercised under the State of Georgia and other assignments of error present the points, and since the state court has decided that the tax was authorized, we shall not stop the case at the outset. See *Hamilton Gas Light & Coke Co.* v. *Hamilton*, 146 U. S. 258.

The tax is imposed under an ordinance of March 22, 1899, providing by way of amendment to one of the year before, that "street railroad companies, whether under the control of another company or not, in lieu of the specific tax heretofore required, shall pay to the city of Savannah for the privilege of doing business in the city and for the use of the streets of the city, at the rate of $100 per mile or fraction of a mile of track used in the city of Savannah by said railroad company." The plaintiff is a street railroad company, commonly known as

such, and the great part of its business and revenue is due to the use of the streets of Savannah by its electric passenger street cars. One of its grounds of attack is that the Central of Georgia Railway Company, a steam railway, is not subjected to the tax, and yet that it also does business in the streets of the city by transporting freights from its regular station to various side tracks, and charges an additional or local price. The plaintiff contends that a classification which distinguishes between an ordinary street railway and a steam railroad making an extra charge for local deliveries of freight brought over its road from outside the city, is contrary to the Fourteenth Amendment and void.

The other ground on which the validity of the tax is denied is a contract made between the plaintiff and respondent on November 4, 1897, amended in April, 1898, and on July 27, 1898. It is contended that this contract implies that the plaintiff is to have the use of the streets without further charges than those which it imposes.

The trial court refused a preliminary injunction, and its decree was affirmed by the Supreme Court, 112 Georgia, 164, which decided that this was a business tax, lawfully imposed, and that the plaintiff did not stand like the Central of Georgia Railway, which, as was held in *City Council of Augusta* v. *Central Railroad*, 78 Georgia, 119, is subject to taxation by the State alone. On final hearing a verdict was directed for the defendant, and a decree was entered making the same the decree of the court. This also was affirmed by the Supreme Court. 115 Georgia, 137. The case then was brought here.

The merits of the case are pretty nearly disposed of by the statement. The argument on the first point is really a somewhat disguised attempt to go behind the decision of the state court that the tax is a tax on business, and to make out that it is a charge for the privilege of using the streets. We see no ground on which we should criticise or refuse to be bound by the local adjudication. The difference between the two railroads is obvious, and warrants the diversity in the mode

of taxation. The Central of Georgia Railway may be assumed to do the great and characteristic part of its work outside the city, while the plaintiff does its work within the city. If the former escapes city taxation it does so only because its main business is not in the city and the State reserves it for itself.

As to the contract, if the city had attempted to bargain away its right to tax, probably it would have been acting beyond its power. *Augusta Factory* v. *City Council of Augusta,* 83 Georgia, 734, 743. However, it made no such attempt. It is enough to say that it uses no language to that effect, or words which even indirectly imply that exemption for the future was contemplated. *Wells* v. *Savannah,* 181 U. S. 531, 539, 540; *S. C.,* 107 Georgia, 1; *New Orleans City & Lake Railroad* v. *New Orleans,* 143 U. S. 192. But we will go a little more into detail.

The contract was made on a petition of the plaintiff stating its desire to make changes in its lines of track "for the purpose of operating its railroad more economically and to better advantage and at the same time affording more adequate facilities to the public." Various changes were agreed on in the way of moving old tracks and laying down new ones. Among other particulars the railroad agreed to convey or cause to be conveyed certain lands in Bolton Street and Whitaker Street, "preserving of course the easement of the said street railway company over said land for its railway purposes." In the last amendment to the contract an extension is agreed to, "and the right to lay down, construct, maintain and operate said railway through said streets as before stated is granted subject to the control and regulation of the said mayor and aldermen, the same as other lines of railway as provided in said contract of November 4th, 1897." It is said that these phrases exempt at least so much of the road as they cover, and that therefore the tax is void as a whole, because it does not appear what proportion of it is attributable to unexempted portions.

This kind of argument seems to assume that the tax is a tax on the right to use the streets and not a tax on the business. But a sufficient answer is that none of the expressions quoted import any exemption from taxation whatever, if it was within the power of the city to grant it. See *New Orleans City & Lake Railroad* v. *New Orleans,* 143 U. S. 192. We are of opinion that the plaintiff's case fails on every ground.

*Decree affirmed.*