# HAMMOND PACKING COMPANY *v.* STATE OF MONTANA.

### ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 278.    Submitted March 11, 1914.—Decided April 13, 1914.

So long as it does not interfere with interstate commerce, a State may restrict the manufacture of oleomargarine in a way that does not hamper that of butter. The classification is reasonable and does not offend the equal protection clause of the Fourteenth Amendment. *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238.

A State may forbid the manufacture of oleomargarine altogether without violating the due process or equal protection provisions of the Fourteenth Amendment. *Powell* v. *Pennsylvania*, 127 U. S. 678.

A State may express and carry out its policy in restricting and forbidding the manufacture of articles either by police, or by revenue, legislation. *Quong Wing* v. *Kirkendall*, 223 U. S. 59.

45 Montana, 343, affirmed.

THE facts, which involve the constitutionality under the due process and equal protection clauses of the Fourteenth Amendment of a statute of Montana imposing a license tax on the carrying on of the business of selling oleomargarine, are stated in the opinion.

*Mr. M. S. Gunn* for plaintiff in error:

The statute providing for a license tax of one cent per pound on sales of oleomargarine, butterine and imitation cheese denies to plaintiff due process of law and the equal protection of the laws in violation of the Fourteenth Amendment.

The Supreme Court of the State decided that the tax is imposed for the purpose of revenue in the exercise of the

taxing power and that the imposition of such tax is authorized by the constitution of the State.

The oleomargarine sold, after having been received, stored and held for sale in Silver Bow County, was subject to the taxing power of the State. *Am. Steel & Wire Co.* v. *Speed*, 192 U. S. 500; *Kehrer* v. *Stewart*, 197 U. S. 60; *McCray* v. *United States*, 195 U. S. 53.

The legislative assembly of Montana is authorized to classify for the purpose of taxation and may lawfully impose a tax upon one class of property or one occupation to the exclusion of other property and other occupations. *Southwestern Oil Co.* v. *Texas*, 217 U. S. 114.

The only inquiry is whether the placing of oleomargarine, butterine and imitation of cheese in a separate class for the purpose of taxation is a legitimate exercise of the taxing power and whether such a classification is not arbitrary, unreasonable and discriminatory, and in violation of the equal protection clause of the Fourteenth Amendment.

Oleomargarine is a wholesome article of food, a recognized article of commerce, and its manufacture and sale cannot be prohibited by a State. *Schollenberger* v. *Pennsylvania*, 171 U. S. 1; *Collins* v. *New Hampshire*, 171 U. S. 30.

While the State can, in the exercise of the police power, provide reasonable regulations with reference to the manufacture and sale of oleomargarine in order to prevent deception and fraud and in the interest of the health of the people of the State, *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238, it may not abuse the taxing power. See *Spencer* v. *Merchant*, 125 U. S. 345; Cooley on Taxation (3d ed.), p. 1133.

No classification for the purpose of taxation is reasonable or justifiable, unless all articles used for the same purpose, and which are sold in competition, are placed in the same class. Such a classification as is made by this statute

under consideration does violence to the equal protection clause of the Fourteenth Amendment. *Connolly v. Union Sewer Pipe Co.*, 184 U. S. 540; *Gulf, Col. &c. R. R. v. Ellis*, 165 U. S. 150. *McCray v. United States*, 195 U. S. 27, distinguished.

Mr. D. M. Kelly, Attorney General of the State of Montana, and Mr. J. H. Alvord, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action to recover a license-tax of one cent per pound sold for carrying on the business of selling oleomargarine. The answer, with some allegations not now material, admitted the facts and set up that § 4064 of the Political Code of Montana as amended by § 2763, Revised Codes, by which the tax was imposed, violates the Fourteenth Amendment. That is the only question raised here, so that other incidental or preliminary matters need not be mentioned. Judgment was entered for the State on the pleadings and the judgment was affirmed by the Supreme Court of the State.

The argument for the plaintiff in error is that, the tax being pronounced or assumed by the state courts to be a tax for revenue, it is unjustifiable to put oleomargarine in a class by itself and to discriminate, for instance, between it and butter. But we see no obstacle to doing so in the Constitution of the United States. Apart from interference with commerce among the States, a State may restrict the manufacture of oleomargarine in a way in which it does not hamper that of butter. *Capital City Dairy Co. v. Ohio*, 183 U. S. 238, 245, 246. It even may forbid the manufacture altogether. *Powell v. Pennsylvania*, 127 U. S. 678. It may express and carry out its

policy as well in a revenue as in a police law. *Quong Wing* v. *Kirdendall*, 223 U. S. 59, 62. The case really has been disposed of by previous decisions of this court. *McCray* v. *United States*, 195 U. S. 27, 62, 63.

*Judgment affirmed.*