## FEDERAL TRADE COMMISSION v. KLESNER.

Court of Appeals of District of Columbia.

Submitted March 5, 1928.   Decided
April 2, 1928.

No. 976.

1. **Trade-marks and trade-names and unfair competition** ⬤══3(4½), 68(3)—**Dealer in window shades cannot be restrained from using term "Shade Shop" to identify business, such words not being subject to appropriation as trade-mark or trade-name (Federal Trade Commission Act, § 5 [15 USCA § 45]).**

One engaged in window shade business cannot be restrained, under Federal Trade Commission Act, § 5 (15 USCA § 45), from using words "Shade Shop" as identification of business, on ground that such use was unfair competition, in absence of showing that he was attempting to dispose of goods under pretense that they were goods of another, since words indicative of character of business cannot be exclusively appropriated, either as trade-mark or trade-name.

2. **Trade-marks and trade-names and unfair competition** ⬤══68(3)—**User's name in connection with mark designating common line of business is sufficient to distinguish its use from others engaged in same business, using same mark.**

Name of user in connection with mark, when words designate common line of business, such as "Shade-Shop," is sufficient to distinguish its use from others engaged in same business and using same trade-name.

3. **Trade-marks and trade-names and unfair competition** ⬤══68(3)—**Place of business may be distinguished from others using same mark designating common line of business by other means than addition of proprietor's name.**

Rule that distinguishing place of business will justify use of mark designating common line of business, but used by others engaged in same business, may be satisfied by other means than addition of proprietor's name, and may be accomplished by any means that will inform public and distinguish place of business from other users of same or similar trade-name.

Petition by the Federal Trade Commission against Alfred Klesner, doing business under the name of Shade Shop, etc. Petition dismissed.

A. F. Busick and R. P. Whiteley, both of Washington, D. C., for petitioner.

H. S. Barger and C. R. Ahalt, both of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justice.

VAN ORSDEL, Associate Justice. The Federal Trade Commission filed its petition in this court for an injunction to enforce an order of the Commission against respondent Alfred Klesner, requiring him, his servants, agents, and employees, to "cease and desist from using the words 'Shade Shop,' standing alone or in conjunction with other words, as an identification of the business conducted by him, in any manner of advertisement, signs, stationery, telephone or business directories, trade lists, or otherwise."

It appears that the Commission, in December, 1920, on the complaint of one W. Stokes Sammons, issued a complaint against defendant, charging him with unfair methods of competition in commerce under the Federal Trade Commission Act. 38 Stat. 717 (15 USCA §§ 41–51). To the complaint, defendant answered, and upon issue joined and evidence adduced the order here sought to be enforced was made by the Commission. The complaint charged the defendant with using the word "Shade Shop" on a window at his place of business, on an automobile truck owned and operated by him, and in the telephone directory for the city of Washington, in such manner as to confuse, mislead, and deceive the general public into the erroneous belief that defendant's place of business was the place where a similar business was conducted by Sammons under the name of "The Shade Shop."

It appears that one H. S. Hooper, since the year 1904, was engaged in the decorating and window shade business, and that in 1909 the firm of Hooper & Klesner was formed, which succeeded to the business of Hooper. It further appears that in 1919 defendant purchased Hooper's interest in the business and has conducted it under the firm name of Hooper & Klesner; that he never did business under any other name, and never stamped his shade goods with the name "The Shade Shop" or "Shade Shop"; that he has not used "Shade Shop" on his stationery, or in advertisements, or on signs, or otherwise, except in conjunction with the firm name of Hooper & Klesner.

Considerable evidence was adduced showing the competitive character of the business between defendant and Sammons, and establishing some confusion in trade by customers going to defendant's shop, when they were in fact intending to do business with Sammons. We think, however, that the case can be disposed of without an analysis of the testimony, since it clearly appears and is conceded that the use was limited, as charged in the complaint, to a sign or signs painted on his place of business, on an automobile used in connection with his business, and to a notice appearing in the classified business section of the telephone directory of the city of Washington. In each instance the name was

used in connection with the firm name Hooper & Klesner.

This action is sought to be sustained under section 5 of the Federal Trade Commission Act (15 USCA § 45), which, among other things, provides "that unfair methods of competition in commerce are hereby declared unlawful. The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, and common carriers subject to the acts to regulate commerce, from using unfair methods of competition in commerce. Whenever the Commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition in commerce, and if it shall appear to the Commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint."

The act then provides for the appearance of the party charged with unfair conduct, his right to be heard, and for the reduction of the testimony to writing, and the filing of a copy thereof in the office of the Commission, and, in the event that the Commission finds that unfair methods have been employed, an order shall issue against the party charged, requiring him to "cease and desist from using such method of competition."

[1] In the present case it will be observed that the term "Shade Shop", as used by defendant, is merely descriptive of the trade or business conducted by the defendant, and is indicative of a place where window shades are made and sold. In other words, it is a generic name of a place where business of that sort is conducted. It is well settled that the exclusive use to such a name, either as a trade-mark or trade-name, is not entitled to legal protection. In Delaware & Hudson Canal Co. v. Clark, 13 Wall. 311, 20 L. Ed. 581, the plaintiff had for many years adopted and used "Lackawanna Coal" as a trade-name for his product, and he sought to restrain the defendant from applying the same name to coal produced in the same vicinity. Mr. Justice Strong, delivering the opinion of the court, said:

"There are two rules which are not to be overlooked. No one can claim protection for the exclusive use of a trade-mark or trade-name which would practically give him a monopoly in the sale of any goods other than those produced or made by himself. If he could, the public would be injured rather than protected, for competition would be destroyed. Nor can a generic name, or a name merely descriptive of an article of trade, of its qualities, ingredients, or characteristics, be employed as a trade-mark and the exclusive use of it be entitled to legal protection."

The court concludes its opinion with the significant observation that, "if the complainants' sales are diminished, it is because they are not the only producers of Lackawanna coal, and not because of any fraud of the defendant."

While the rule here announced applies to a generic name descriptive of an article of trade, the rule is not different where the words, as in this case, are descriptive of the place where the goods are sold or produced. As was said in Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 S. Ct. 625, 35 L. Ed. 247: "The general proposition is well established that words which are merely descriptive of the character, qualities, or composition of an article, or of the place where it is manufactured or produced, cannot be monopolized as a trade-mark."

If the use here complained of was limited to the use of the words "Shade Shop" alone, the use could not be restrained, since it merely denotes the character of business conducted in the place where the sign appears. Its use is not different from that of signs commonly appearing upon the street, such as "barber shop," "candy shop," "hardware store," "jewelry store," etc. It is settled law that such words are incapable of exclusive appropriation as legal trade-marks or trade-names, since they are generic names, descriptive in each instance of a place of business. There is a total absence of anything showing a use by defendant which would justify the charge of unfair competition, but, on the contrary, a use ordinarily employed by those engaged in his line of business.

To sustain the finding of the Trade Commission would therefore, in the language of the court in Trinidad Asphalt Manufacturing Co. v. Standard Paint Co. (C. C. A.) 163 F. 977, 981, "be a result unsustained by reason or authority, if one, after vainly attempting through a trade-mark to secure a monopoly of a generic or descriptive word, should nevertheless be granted one by decree of a court, applying the doctrine of unfair competition to those who simply used the word in the appropriate naming or description of their goods, but in other respects plainly distinguished them from the goods of their competitor." Applying the reasoning of the court in that case, if the action of the Com-

mission should be sustained in this case, then none of the large number of manufacturers of window shades could lawfully designate their places of business by the term "Shade Shop."

Sammons had no monopoly of the window shade business; hence, in the absence of any showing that defendant was attempting to dispose of his goods under the pretense that they were the goods of Sammons, there is no ground whatever in law or reason for invoking the doctrine of unfair competition, since defendant had the common right belonging to the trade to use the mark as descriptive of his business. "Having the right to that use, courts will not interfere, where the only confusion, if any, results from a similarity of the names, and not from the manner of the use. The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another, and, if defendant so conducts its business as not to palm off its goods as those of complainant, the action fails." Howe Scale Co. v. Wyckoff et al., 198 U. S. 118, 140, 25 S. Ct. 609, 614 (49 L. Ed. 972).

The record is silent as to any attempt on the part of defendant or his employees to deceive or entice Sammons' customers into dealing with him. On the contrary, his employees were instructed, when it appeared that customers were looking for Sammons, to direct them to his place of business. Undoubtedly Sammons' business was affected by defendant's competition, as it was by other dealers in window shades, but that is not sufficient to justify equitable intervention. As said in the Clark Case:

"True it may be that the use by a second producer, in describing truthfully his product, of a name or a combination of words already in use by another, may have the effect of causing the public to mistake as to the origin or ownership of the product; but if it is just as true in its application to his goods as it is to those of another who first applied it, and who therefore claims an exclusive right to use it, there is no legal or moral wrong done. Purchasers may be mistaken, but they are not deceived by false representations, and equity will not enjoin against telling the truth."

[2] But the use made by defendant is even more restrictive, since it appears that the name was used invariably in connection with the firm name, Hooper & Klesner, which designated his place of business from other places using similar trade-names. In the absence of trade-mark rights, and any showing of fraud in business methods, this is the most

that the courts have ever required. The name of the user in connection with the mark, when the word designates, as in this instance, a common line of business, is held sufficient to distinguish its use from others engaged in the same business and using the same trade-name. Howe Scale Co. v. Wyckoff et al., 198 U. S. 120, 25 S. Ct. 690, 49 L. Ed. 972; L. E. Waterman Co. v. Modern Pen Co., 235 U. S. 88, 35 S. Ct. 91, 59 L. Ed. 142; Elgin Watch Co. v. Illinois Watch Co., 179 U. S. 665, 21 S. Ct. 270, 45 L. Ed. 365.

[3] This rule as to distinguishing the place of business may be satisfied by other means than the addition of the proprietor's name. It may be accomplished by any means that will inform the public and distinguish the place of business from other users of the same or similar trade-name. Weinstock, Lubin & Co. v. Marks, 109 Cal. 529, 42 P. 142, 30 L. R. A. 182, 50 Am. St. Rep. 57.

A question of the authority of the Commission, under the statute, to assume jurisdiction of this case, is suggested, since this is merely a controversy between private individuals, cognizable by a court of equity, and not a case involving any question of unlawful monopoly or of interest to the public. Inasmuch, however, as we have disposed of the case on its merits, inquiry into the matter of jurisdiction is avoided.

The petition is dismissed, with costs.