## JAS. H. FORBES TEA & COFFEE CO. v. RANNEY–DAVIS MERCANTILE CO.

Circuit Court of Appeals, Eighth Circuit.
November 26, 1928.

No. 8018.

Hugh K. Wagner, of St. Louis, Mo., for appellant.

W. F. Lilleston, of Wichita, Kan. (A. M. Dean, of Arkansas City, Kan., and R. R. Vermilion, Earle W. Evans, and Joseph G. Carey, all of Wichita, Kan., on the brief), for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. This is a suit for infringement of what is termed a common-law trade-mark, amounting substantially to a trade-name, which, it is claimed, has been used so long, and in such manner, as to stamp and identify the goods of complainant in the eyes of the purchasing public. Appellant has a registered trade-mark under the name "Forbes Santa Fe Trail," registered November 16, 1915, used for coffee, foods, and ingredients of foods.

The mark is thus described in the declaration:

"FORBES
SANTA FE TRAIL"

Appellee likewise has a registered trade-mark, of date September 13, 1921, used for a great variety of foods and ingredients of foods, including coffee. The mark in the declaration is the following:

In the statement filed in the patent office it is said: "No claim is made to the use of the words 'Santa Fe Brand' apart from the mark shown on the drawing."

Reference to these registered marks is in a way superfluous, for the reason that neither party counts upon registry. However, the fact that such marks have been registered becomes interesting in view of the character of the litigation. It is perhaps significant that complainant does not rely upon registry; presumably, because it has little confidence that the words employed are susceptible of appropriation as a true trade-mark. The case, therefore, resolves itself into an action to recover for unfair trade. The difficulty of defining the precise gravamen of the suit, because of the terms employed in the complaint, is thus voiced by the trial judge: "It has been somewhat difficult in this suit to ascertain the true nature of the case from the pleadings of the complainant. While it appears from the proofs both parties have registered trade-marks or trade-names, a reading of the complaint discloses this suit is not brought for the purpose of enjoining defendant from the use of a trade-mark or trade-name by it exclusively adopted by registration under the statutes. In fact, the name which forms the entire gravamen of the contention between the parties, 'Santa Fe,' has occupied such a place in the history of our western country there can be no doubt but that the same on account of its historical use could not be properly registered or claimed for exclusive use by any one. It then being clear from the pleadings and proofs the suit of the plaintiff cannot be regarded as one for infringement of complainant's trade-

698

mark or trade-name, it must be held the suit is one to restrain unfair competition in business and for an ascertainment of damages sustained by complainant by reason of such unfair and unlawful competition in business."

■ The word "Santa Fe" is insisted upon by appellant as the dominant feature of its alleged trade-name, and it is contended that appellee infringes by using that word upon its packages containing coffee. It is, of course, true that where words, not subject to appropriation as a true trade-mark, have come, through long use, to denote the particular manufacturer or vendor of a specific commodity, relief against unfair competition may be awarded. Where it is charged that they are used to deceive the purchasing public on the question of origin, the applicable rule is thus stated: "One who so names and dresses his product that a purchaser who exercises ordinary care to ascertain the sources of its manufacture can readily learn that fact by a reasonable examination of the boxes or wrappers that cover it has fairly discharged his duty to the public and to his rivals, and is guiltless of that deceit which is an indispensable element of unfair competition." Wrisley Co. v. Iowa Soap Co. (C. C. A. 8) 122 F. 798, and cases cited.

■ Unless, therefore, the word "Santa Fe," a purely geographical term, has been so appropriated as to have acquired a secondary meaning to the use of which complainant has become exclusively entitled, no invasion of its rights appears. The case as pleaded and presented turns largely upon two considerations: First, priority of use; and, second, whether the goods of appellee, as marked, are likely to deceive. The record contains substantial evidence to the effect that appellee used the name "Santa Fe" in connection with its coffee and other products in a wide territory as early as 1908. Appellant does not pretend to have used its name earlier than in the spring of 1915. The District Court so found the facts, and there is, in our judgment, substantial evidence to support its conclusion. Upon the second point the exhibits, too extended for incorporation in this opinion, discloses that the coffee packages of appellee are marked in such manner as plainly to distinguish them from those of appellant, and also to advise the public of the source of manufacture and the business firm by which those products are put out and offered for sale. Wrisley Co. v. Iowa Soap Co., supra; Wolf Bros. & Co. v. Hamilton-Brown Shoe Co. (C. C. A. 8) 206 F. 611,

affirmed 240 U. S. 251, 36 S. Ct. 269, 60 L. Ed. 629.

The decree of the trial court dismissing the bill was right and is affirmed.