## HYGRADE FOOD PRODUCTS CORPORATION v. H. D. LEE MERCANTILE CO. et al.

### No. 1280.

District Court, S. D. Kansas, First Division.
February 5, 1930.

Dean & Dean, of Topeka, Kan. (Harold H. Corbin and Edward J. Bennett, both of New York City, of counsel), for plaintiff.

Thomas M. Lillard, of Topeka, Kan., and Edwin C. Meservey and Charles M. Blackmar, both of Kansas City, Mo., for defendants.

POLLOCK, District Judge. This suit was brought by plaintiff, a corporate citizen of the state of New York, against defendants, citizens of this state and the state of Missouri, to restrain defendants from unfair competition in business with plaintiff.

True, the plaintiff has a registered trade-mark as has defendant the mercantile company. But, as plaintiff's trade-mark as registered consists of a descriptive term, it is quite well settled plaintiff cannot by such means obtain a right to the exclusive use or a monopoly of the term because of the fact it is registered as a trade-mark. See Del. & H. Canal Co. v. Clark, 13 Wall. 311, 20 L. Ed. 581; Federal Trade Commission v. Klesner, 58 App. D. C. 100, 25 F. (2d) 524; and many other cases. And as this case is made by plaintiff's pleading, it is not understood any such claim is made by plaintiff. On the contrary, plaintiff concedes it cannot have or claim this from the fact merely of a registered trade-mark. What the plaintiff does claim is that, by its use of the phrase "Hygrade Food Products," it has so built up the standard of its products by advertisements, by the doing of a very large and extensive business, the selling and dealing in food products, that, when another offers food products as "High Grade Food Products," either so named or when the place of business

of another is named as "High Grade Food Store," as defendants in this case do so advertise and name their places of business, those who enter such store or make purchases therein or therefrom are deceived in the belief they are there obtaining the goods handled by the plaintiff company. In other words, merely by so conducting their business, the defendants are guilty of unfair competition in business with plaintiff. The bill of complaint in this case does not claim defendants have simulated the registered trade-mark of plaintiff. There is no claim defendants have dressed their goods in cartons, packages, boxes, or other wrappings similar to those used by plaintiff. The sole and only charge or complaint in the bill resides in the simple fact that defendants deceive dealers and the public generally by the display or sign of "High Grade Food Products." It is not contended defendants do not make known to the public the true names of the owners of the store or anything other than the name "High Grade Food Store," from which it is asserted defendants are engaged in unlawful competition with plaintiff. It will be noted the name of the plaintiff as displayed uses the phonetic spelling of the word "Hy" instead of the correct spelling as displayed in the advertisement of defendant. In my judgment, even this one fact, striking as it is, would indicate no intent on the part of defendants to injure plaintiff in the manner of advertising its stores. Any one with the very least intelligence and prudence in business affairs would not be deceived. What constitutes unfair competition in business has been so often and so clearly stated by eminent judges with a clear knowledge and keen understanding of the meaning and use of the English tongue that no thoughtful person can fail to understand and apply the thought by them expressed.

That pre-eminent lawyer and great judge, Walter H. Sanborn, in Kann et al. v. Diamond Steel Co. (C. C. A.) 89 F. 706, 707, states the rule as to unfair competition in the following language: "'At present, it is sufficient to say that, in all cases where a trade-mark is imitated, the essence of the wrong consists in the sale of the goods of one manufacturer or vendor as those of another, and it is only when this false representation is directly or indirectly made, and only to the extent to which it is made, that the party who appeals to the justice of the court can have a title to relief.' [Amoskeag] Manufacturing Co. v. Spear, 2 Sandf. [N. Y.] 599, 606; Canal Co. v. Clark, 13 Wall, 311, 322 [20 L. Ed. 581]; Gorham Co. v. White, 14 Wall. 511, 528 [20 L. Ed. 731]; McLean v. Fleming, 96 U. S. 245, 255, 256 [24 L. Ed. 828]; N. K. Fairbank Co. v. R. W. Bell Mfg. Co., 23 C. C. A. 554, 77 F. 869, 876."

In Warner & Co. v. Lilly & Co., 265 U. S. 526, 44 S. Ct. 615, 616, 68 L. Ed. 1161, Mr. Justice Sutherland, delivering the opinion of the court, says: "The use of a similar name by another to truthfully describe his own product does not constitute a legal or moral wrong, even if its effect be to cause the public to mistake the origin or ownership of the product."

In Bliss, Fabyan & Co. v. Aileen Mills, Inc., 25 F.(2d) 370, loc. cit. 372 (C. C. A. 4th), it is said: "It is settled, beyond all controversy, that a manufacturer has no right to the exclusive use of a descriptive word in connection with his goods, and if nevertheless he adopts such a trade-mark, he himself is largely to blame for the confusion which ensues when other manufacturers with equal right, adopt similar terms to describe their products."

In Autoline Oil Co. v. Indian Refining Co., 3 F.(2d) 457, loc. cit. 464 (D. C. Md.), it is said: "Finally, the complainant contends that it is entitled to relief, even though it may not rely upon either of its trade-marks because the defendant has been guilty of acts of unfair competition, of which the court has jurisdiction by reason of diversity of citizenship. The cardinal rule is that nothing else than conduct tending to pass off one man's merchandise or business as that of another, will constitute unfair competition."

In Wrisley Co. v. Iowa Soap Co. (C. C. A.) 122 F. 796, 798, Judge Sanborn again said: "The duty is imposed upon every manufacturer or vendor to so distinguish the article he makes or the goods he sells from those of his rival that neither its name nor its dress will probably deceive the public or mislead the common buyer. He is not, however, required to insure to the negligent or the indifferent a knowledge of the manufacture or the ownership of the articles he presents. His competitor has no better right to a monopoly of the trade of the careless and indifferent than he has, and any rule of law which would insure it to either would foster a competition as unfair and unjust as that promoted by the sale of the goods of one manufacturer as those of another. One who so names and dresses his product that a purchaser who exercises ordinary care to ascertain the sources of its manufacture can

readily learn that fact by a reasonable examination of the boxes or wrappers that cover it has fairly discharged his duty to the public and to his rivals, and is guiltless of that deceit which is an indispensable element of unfair competition."

See Forbes Tea & Coffee Co. v. Ranney-Davis Mercantile Co. (C. C. A.) 29 F.(2d) 697; Federal Trade Commission v. Klesner, 280 U. S. 19, 50 S. Ct. 1, 74 L. Ed. ——; McLean v. Fleming, 96 U. S. 246, 24 L. Ed. 828; American Steel Foundries v. Robertson, 269 U. S. 372, 46 S. Ct. 160, 70 L. Ed. 317; and many other cases.

■ I am of the opinion the bill in this case does not make out by its averments a case of unfair competition. The motions are therefore sustained.