# SOUTHERN BOULEVARD R. CO. v. CITY OF NEW YORK.

## No. 78.

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1936.

634

Alfred T. Davison, of New York City (Addison B. Scoville and Alfred T. Davison, both of New York City, of counsel), for appellant.

Paul Windels, Corp. Counsel, of New York City (Paxton Blair, Meyer Bernstein, and Sol Charles Levine, all of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant is a street railway company, with a franchise to operate in the City of New York, requiring it to make annual payments of 5 per cent. of its gross receipts to the city and limiting it to a 5-cent fare. An additional franchise tax of one-half of 1 per cent. is paid annually to the State.

The New York Legislature by an enabling act authorized any city of one million inhabitants or more to enact local laws for the relief of unemployment (chapter 873 of the Laws of 1934, amended by chapter 601 of the Laws of 1935). Revenues thus collected are to be kept separately and are to be used exclusively for the prescribed purpose. The City of New York passed Local Law No. 21, page 143, of 1934 and Local Law No. 2, page 94, of 1935. By these enactments, a 3 per cent. tax on gross income was imposed upon utilities and any business subject to the supervision of the Department of Public Service. Corporations and persons not included in the above laws are subjected to a tax of one-tenth of 1 per cent. upon gross income in excess of $15,000, except that financial businesses are required to pay one-fifth of 1 per cent. of gross income in excess of $5,000. Local Laws No. 17 [published as No. 18] p. 129 of 1934; Local Law No. 8, page 109, of 1935.

Appellant, in this action, seeks to recover a 3 per cent. tax equal to $8,776.75, paid by it under protest for the first nine months of 1935. After payment, appellant had a deficit for this period. It charges that the local laws, in imposing the tax, impair the obligation of a contract, in violation of article 1, § 10, of the Constitution, and contravene the due process and equal protection clauses of the Fourteenth Amendment.

The appellee argues that the appellant is prevented from pursuing its action here because of its failure to avail itself of the administrative remedies supplied by state law, citing Gorham Mfg. Co. v. State Tax Comm., 266 U.S. 265, 45 S.Ct. 80, 69 L.Ed. 279. The rule of that case does not apply. The taxpayer does not complain merely of overassessment or of overvaluation (First Nat. Bank of Greeley v. Weld County, 264 U.S. 450, 44 S.Ct. 385, 68 L.

Ed. 784), but argues that the tax provided for by this statute may not be validly imposed. Buder v. First Nat. Bank, 16 F.(2d) 990, 993 (C.C.A.8), certiorari denied 274 U. S. 743, 47 S.Ct. 588, 71 L.Ed. 1321, was a suit to enjoin the enforcement of ad valorem taxes. Objection was made on the ground of invalidity, since the State had not adopted the method of taxation authorized by Congress. In answer to the argument that the administrative remedy had not been pursued, the court said: "No administrative officer or board * * * could do otherwise than assume the validity of the law under the circumstances, and there was, as a matter of fact, no administrative remedy." If this tax is unconstitutionally imposed as claimed, the appellant may in this suit attack its application to it.

▮ Appellant argues that its contract with the City has been impaired, that, by its franchise, it was obliged to pay 5 per cent. of its gross receipts, and that the disputed excise tax of 3 per cent. is an indirect way of altering the terms of its franchise. But the City did not, in granting the franchise, abdicate its power of taxation, and such abdication cannot be implied from the grant of a privilege on specified terms. Puget Sound Co. v. Seattle, 291 U. S. 619, 54 S.Ct. 542, 78 L.Ed. 1025; St. Louis v. United Rys. Co., 210 U.S. 266, 28 S.Ct. 630, 52 L.Ed. 1054; New Orleans City Ry. Co. v. New Orleans, 143 U.S. 192, 12 S.Ct. 406, 36 L.Ed. 121. It is immaterial that the tax in question is said to be for the "privilege of exercising the franchise" or that both under the franchise and disputed tax gross income is taken as the measure.

▮ It is next claimed that the local laws in question deny the appellant equal protection of the laws. The inequalities of which the appellant complains are (a) the exemption of taxicab operators; (b) the exemption of trolley companies not operated within the city limits; (c) the imposition of a heavier tax upon utilities than upon other companies, though utilities are less responsible for unemployment; and (d) the peculiar situation created by its franchise and the 5-cent fare clause which makes it impossible to shift the burden to the public. Inequalities in state taxation are not forbidden and, consequently, the state can classify, and in so doing can discriminate either in taxing (State Board of Tax Com'rs v. Jackson, 283 U.S. 527, 51

S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464) or conversely, in exempting from taxation (Citizens' Tel. Co. v. Fuller, 229 U.S. 322, 33 S.Ct. 833, 57 L.Ed. 1206). Of course, the discrimination cannot be arbitrary, but must be based upon a substantial difference having a reasonable relation to the subject of the particular legislation or to the object sought to be accomplished. Louisville Gas Co. v. Coleman, 277 U.S. 32, 37, 48 S.Ct. 423, 72 L.Ed. 770; Colgate v. Harvey, 296 U.S. 404, 423, 56 S.Ct. 252, 256, 80 L.Ed. 299. But the court, with its primary obligation to sustain the tax, must begin with the "assumption that the classification rests upon some rational basis within the knowledge and experience of the legislators." Metropolitan Co. v. Brownell, 294 U.S. 580, 584, 55 S.Ct. 538, 540, 79 L.Ed. 1070; Southwestern Oil Co. v. Texas, 217 U.S. 114, 30 S.Ct. 496, 54 L.Ed. 688; Lawrence v. State Tax Comm., 286 U.S. 276, 283, 52 S.Ct. 556, 558, 76 L.Ed. 1102, 87 A.L.R. 374. See State Board of Tax Com'rs v. Jackson, supra, 283 U.S. 527, at page 537, 51 S.Ct. 540, 543, 75 L.Ed. 1248, 73 A.L.R. 1464.

▮ As to (a), exempting taxicab operators, it is suggested reasonably that the Legislature had in mind the individual operator rather than the companies operating large fleets. If the tax was imposed on this class, it would have to treat individuals and companies alike. Quaker City Cab Co. v. Pennsylvania, 277 U.S. 389, 48 S.Ct. 553, 72 L.Ed. 927. The City imposed this tax to relieve the hardship suffered by individual members of society resulting from lack of employment. Taxicabs charging a higher fare, it has been argued, suffered more from the depression than street car companies, and to impose a 3 per cent. tax on this class would have been unfair. The Legislature could have found, with reason, that there was a ground for differentiation having a fair and substantial relation to the object of the Legislature.

▮ As to (b), the Legislature in framing these laws, had a right to say that unemployment was most critical in the centers of population. So, too, the conferring of special powers on the City of New York was deemed necessary and the accompanying exemption of activities carried on outside the City raises no constitutional question. Legislation, embodying discrimination between metropolitan centers and other less populated areas, has been sustained as against the claim of violation of consti-

tutional rights and unjust legislation. Marcus Brown Co. v. Feldman, 256 U.S. 170, 198, 41 S.Ct. 465, 65 L.Ed. 877; Tenement House Dept. v. Moeschen, 179 N.Y. 325, 72 N.E. 231, 70 L.R.A. 704, 103 Am. St.Rep. 910, 1 Ann.Cas. 439, affirmed 203 U.S. 583, 27 S.Ct. 781, 51 L.Ed. 328.

■ The excessiveness of the tax, 3 per cent. of gross receipts, is urged as a reason for invalidity. But excessiveness alone, divorced from other facts, does not vitiate an otherwise lawful tax. Fox v. Standard Oil Co., 294 U.S. 87, 99, 55 S.Ct. 333, 338, 79 L.Ed. 780; see Stewart Dry Goods v. Lewis, 294 U.S. 550, 563, 55 S.Ct. 525, 530, 79 L.Ed. 1054. As the court said in the Lewis Case, "Once the lawfulness of the method of levying the tax is affirmed, the judicial function ceases."

■ The principal objection centers around the fact that corporations and persons in the City, other than those covered by the laws in question, are subjected to a tax of one-tenth of 1 per cent. and one-fifth of 1 per cent. in the case of financial businesses. The taxing power is not required to apportion taxes in exact proportion to the ability to pay. Metropolis Theatre Co. v. Chicago, 228 U.S. 61, 33 S.Ct. 441, 443, 57 L.Ed. 730; but cf. Stewart Dry Goods v. Lewis, supra; Valentine v. Great Atlantic & Pacific Tea Co., 57 S.Ct. 56, 81 L.Ed. ——, decided Nov. 9, 1936. Nor must they be measured precisely by the benefits to be derived by the taxpayer (Georgia Ry. Co. v. Decatur, 297 U.S. 620, 624, 56 S.Ct. 606, 607, 80 L.Ed. 925) or by the taxpayer's responsibility for the situation which has led to the imposition of the tax (White River Lumber Co. v. State, 279 U.S. 692, 49 S.Ct. 457, 73 L.Ed. 903). The State may select a class and, if it treats it uniformly (Kentucky Railroad Tax Cases, 115 U.S. 321, 6 S.Ct. 57, 29 L.Ed. 414), may discriminate against it in relation to other classes. It is sufficient if some basis for discrimination exists which renders the legislative classification reasonable. New York ex rel. Metropolitan St. Ry. Co. v. State Board, 199 U.S. 1, 25 S.Ct. 705, 50 L.Ed. 65, 4 Ann.Cas. 381; Savannah, Thunderbolt & I. of H. R. Co. v. Savannah, 198 U.S. 392, 25 S.Ct. 690, 49 L.Ed. 1097.

Utilities possessing a franchise, as does the appellant, enjoy a degree of protection against competition and have other advantages over the general business community. Because of supervision by the Department of Public Service, the administration of the tax is simplified. These reasons were recognized by the State Court of Appeals in New York Steam Corporattion v. City of New York, 268 N.Y. 137, 197 N.E. 172, 99 A.L.R. 1157, in upholding an earlier but similar tax. While mere ease of administration may not of itself justify inequality, (Stewart Dry Goods v. Lewis, supra), it may be considered along with other factors in determining the reasonableness of a classification. There is no principle of constitutional law which forbids the taxing authorities from bearing more heavily on a stable business like a utility than on other businesses which may generally occupy a more precarious status. The protection from competition may reasonably indicate an ability to bear a heavier burden of taxation which, in turn, supplies a reasonable basis for discrimination. Metropolis Theatre Co. v. Chicago, supra.

The character of the utility business contains elements of difference which the Legislature is not bound to ignore and which it can use as a basis for reasonable discrimination. See Atlantic Coast Line R. Co. v. Doughton, 262 U.S. 413, 43 S.Ct. 620, 67 L.Ed. 1051; Honolulu R. T. Co. v. Wilder, 36 F.(2d) 159 (C.C.A.9). The last case involved a law of Hawaii which assessed real or personal property employed in an enterprise for profit on its fair and reasonable aggregate value. The property of utilities, however, was assessed at a valuation equal, at least, to the par value of their issued capital stock. The court upheld the discrimination, finding no constitutional objection to an act placing utilities in a separate class for the purpose of taxation.

Analogy may be found in classifications based upon the corporate character of the taxpayer. Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann. Cas.1912B, 1312; but cf. Quaker City Cab Co. v. Pennsylvania, supra. In White River Lumber Co. v. Arkansas, 279 U.S. 692, 49 S.Ct. 457, 73 L.Ed. 903, a back tax upon land owned by corporations was held valid, though land owned by individuals was excluded. See, also, Ft. Smith Lumber Co. v. Arkansas, 251 U.S. 532, 40 S.Ct. 304, 64 L.Ed. 396. Likewise, discrimination has been based upon the character of the business which is done. In Southwestern Oil Co. v. Texas, supra, a 2 per cent. tax upon gross receipts of those engaged in the

wholesale business of coal oil, etc., and any mineral oils refined from petroleum was held valid against the objection that wholesale dealers in other articles were taxed at a lesser amount. An occupation tax upon the business of distilled spirits was upheld in Brown-Forman Co. v. Kentucky, 217 U.S. 563, 30 S.Ct. 578, 54 L.Ed. 883.

Discrimination has been allowed where there is evidence of a desire by the State not only to obtain revenue for a specified purpose but also to further some social or economic policy. Hammond Packing Co. v. Montana, 233 U.S. 331, 34 S.Ct. 596, 58 L. Ed. 985. A discriminatory tax upon chain stores has been upheld. State Board of Tax Com'rs v. Jackson, supra; Fox v. Standard Oil Co., supra; compare Liggett Co. v. Lee, 288 U.S. 517, 53 S.Ct. 481, 77 L.Ed. 929, 85 A.L.R. 699. Exemptions from taxation have been allowed on the same ground. Citizens' Tel. Co. v. Fuller, supra. Compare Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989.

The Legislature, in order to meet a vital public need, selected a large class and, dealing with it uniformly, imposed upon it a heavier burden of taxation. We are unable to say that its action was unreasonable. The inability of the appellant to shift the tax to the public because of the 5-cent fare, compelled by its franchise, does not render the tax unconstitutional. That is a hardship caused by its contract which, as we have said, did not curtail the taxing power. During the period for which taxes, now sought to be recovered, were paid, appellant suffered a deficit. But this fact, no less than if the reasonableness of an otherwise invalid tax were to be urged upon the ground that a large profit had been made during the taxing period, cannot affect the constitutionality of a tax or justify an interference with the taxing power, when reasonably exercised. Any hardship of this nature must be alleviated by the Legislature.

"The problems of government are practical ones and may justify, if they do not require, rough accommodations,—illogical, it may be, and unscientific. * * * Mere errors of government are not subject to our judicial review." Metropolis Theatre Co. v. Chicago, supra.

The constitutionality of the tax seems well grounded.

Judgment affirmed.